**COHEN REALTY, INC., Appellant,**

v.

**Stephen A. MARINICK, Appellee.**

**No. 74850.**

Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

Court of Appeals of Oklahoma, Division No. 3.

July 30, 1991.

Certiorari Denied Oct. 8, 1991.

Michael E. Krasnow, Oklahoma City, for appellant.

William O. West, Edmond, for appellee.

## MEMORANDUM OPINION

HUNTER, Chief Judge:

Appellant Cohen Realty, Inc. (CRI) filed suit against Appellee Stephen A. Marinick (Marinick) to enforce a non-compete covenant of an employment contract executed by the parties on June 1, 1987. After a temporary restraining order was issued prohibiting Marinick from competing in any manner with CRI, Marinick filed a motion for summary judgment, which was sustained by the trial court. This appeal followed.

CRI is a real estate brokerage company which represents customers and clients in the sale, purchase, lease or rental of nursing homes throughout the United States. Marinick, a licensed real estate broker, was hired by CRI in June, 1987. Prior to Marinick's employment with CRI, he had worked predominantly in the field of commercial leasing and had no experience related to the nursing home industry. Marinick signed an agreement prepared by CRI and its attorney containing a non-compete covenant which provided, in pertinent part:

> Marinick further covenants and agrees that notwithstanding anything herein to the contrary, he shall not, for a period of ten (10) years from the effective date of this Agreement, whether Marinick is associated with or employed by CRI, or whether this Agreement may have been terminated for any cause whatsoever, either directly or indirectly, as a real estate broker, business broker, sales associate or otherwise, compete in any manner whatsoever with CRI by representing customers or clients in the sale, purchase, lease or rental of nursing homes.

The agreement also contained a provision against divulging "trade secrets" or "confidential knowledge or information", and contained a liquidated damages clause upon violation of the provisions.

Marinick worked for CRI for two years and was terminated. A termination agreement was entered into between the parties which specifically provided that the non-compete covenant of the agreement would remain in full force and effect upon termination. Marinick was unable to find a job

in commercial real estate and subsequently established a company of his own to sell and lease nursing homes. CRI sued for damages and an injunction, claiming Marinick violated the agreement by soliciting CRI's customers and clients for the sale and lease of nursing homes. Marinick moved for summary judgment on the ground that the non-compete covenant of the agreement was in violation of 15 O.S.1981 § 217, which provided:

> Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent void.

The two statutory exceptions referred to above in Sections 218 and 219 involve the sale of good will or dissolution of a partnership, which are not applicable to these facts. Marinick also alleged the non-compete covenant was in violation of the prohibition against restraint of trade found in 79 O.S.1981 § 1. Upon review of the evidence, the trial court found that the covenant constituted an unreasonable restraint on trade for too long a term in an undefined territory. We agree.

■ Summary judgment is appropriately granted when there is no substantial controversy regarding any material fact and a party is entitled to judgment as a matter of law. *Weldon v. Seminole Mun. Hosp.*, 709 P.2d 1058 (Okl.1985); *Sellers v. Oklahoma Publishing Company*, 687 P.2d 116 (Okl. 1984). In reviewing an order granting summary judgment, we will affirm the judgment unless the record discloses controverted material facts or the uncontroverted facts fail to show, as a matter of law, that the successful party was entitled to the judgment rendered. *Scott v. Thunderbird Industries*, 651 P.2d 1346 (Okl. App.1982). The question of whether a particular contract provision is contrary to public policy is ordinarily a question of law. *Hargrave v. Canadian Valley Electric Co-op, Inc.*, 792 P.2d 50 (Okl.1990).

■ The principle is well established that a promise is unenforceable if the interest in its enforcement is outweighed by a public policy harmed by enforcement of the agreement. *Town of Newton v. Rumery*, 480 U.S. 386, 392, 107 S.Ct. 1187, 1192, 94 L.Ed.2d 405 (1986). In order for a contract to be found illegal because it unreasonably restrains trade, the reasonableness of the restraint must be judged by assessing the restraint against the public's or individual's need and entitlement to free commerce and the right to earn a livelihood by employment, and the necessity of the restraint to protect and effectuate the basic transaction. *Cooper v. Tanaka*, 591 P.2d 1181 (Okl.App.1978). If a covenant is found to be unenforceable, judicial modification of the covenant is possible only if the contractual defect can be cured by the imposition of reasonable limitations concerning the activities embraced, time or geographical limitations, but not if the essential elements of the contract must be supplied. *Bayly, Martin & Fay, Inc. v. Pickard*, 780 P.2d 1168 (Okl.1989). Courts will not rewrite a contract where no justification exists for the restriction imposed. *Bayly, Martin & Fay, Inc. v. Pickard, supra.*

■ Here, the covenant clearly sought to prevent competition by Marinick. It constitutes an unreasonable restraint on trade invalidated by Section 217, prohibited by 79 O.S.1981 § 1 and not within the statutorily created exceptions in Sections 218 and 219. Marinick was unreasonably restrained from exercising his profession and his right to earn a living, and there was no evidence of any overriding need of restraint on CRI's part. The activity limitation of fair competition in the booming business of nursing home sales and leasing for ten years, in an unlimited geographic area is unreasonable, incurable and contrary to public policy. *Bayly, Martin & Fay, Inc. v. Pickard, supra.* We will not judicially alter the essential terms of this contract. The trial court properly granted summary judgment to Marinick as a matter of law.

The trial court's judgment is hereby AFFIRMED.

HANSEN, P.J., and JONES, J. concur.