Jack B. SELLERS, Plaintiff/Appellant,

v.

The OKLAHOMA PUBLISHING COMPANY and Jack Taylor, Defendant/Appellee.

No. 58281.

Supreme Court of Oklahoma.

March 27, 1984.

Rehearing Denied Sept. 26, 1984.

Joe A. Moore, Memphis, Tenn., for plaintiff/appellant.

James P. Linn, Raymond E. Tompkins, Russell Von Creel of Linn, Helms, Kirk & Burkett, Oklahoma City, for defendant/appellee.

SIMMS, Vice Chief Justice:

Appeal from an order granting defendant's motion for summary judgment in a defamation action. Appellant, Jack B. Sellers (hereinafter referred to as plaintiff) filed suit against defendant-appellee, Oklahoma Publishing Company (defendant) seeking damages for the publication of an allegedly defamatory news article.

Generally, plaintiff alleged that defendant had published a false and defamatory article concerning the plaintiff, that the publication was libelous per se, damaged him in his reputation as an attorney at law and falsely accused him of criminal conduct; specifically, acting in collusion with a district court judge to shift a jury venire.

Defendant subsequently answered, denying that the article was defamatory; and further pleading privilege to publish and the defense of fair comment and honest mistake.

After the case had been set for jury trial, defendant filed a second motion for summary judgment. The motion was grounded on the assertion that plaintiff had admitted the truth of the published article and that this admission precluded his cause of action.

Prior to hearing of this motion for summary judgment, plaintiff filed a motion for leave to withdraw his response to defendants' earlier request for admission of fact, and to modify a second such response. Plaintiff also filed a supporting affidavit alleging mistake of fact in his response to request for admissions.

The court overruled plaintiff's motion to withdraw and modify responses to request for admissions and entered its order sustaining defendant's renewed motion for summary judgment. Judgment was entered for the defendant on February 19, 1982. The basis for the trial court's ruling were that the plaintiff, by deposition testimony and by response to a request for admissions, had admitted the truth of the article. The trial judge also expressed his opinion that, as a matter of law, the article was not defamatory as to the plaintiff.

On March 2, 1982, plaintiff filed a motion to reconsider the February 19, 1982 order sustaining defendant's motion for summary judgment. An amended motion to reconsider was introduced at the hearing on March 10, 1982. This motion was denied.

Plaintiff filed a petition in error on March 19, 1982. He appealed not from the denial of the motion to reconsider, but from the court's order of February 19, 1982, sustaining defendant's motion for summary judgment.

## I.

Defendant alleges that plaintiff's motion to reconsider was in substance a motion for new trial. A motion for new trial must be filed within ten days after judgment is rendered. 12 O.S.1981, § 653. Defendant cites *Minnesota Mining & Mfg. Co. v. Smith*, Okl., 581 P.2d 31 (1978), in support of its proposition that by filing his motion *eleven* days after the court's judgment was entered, plaintiff failed to comply with jurisdictional requirements and his motion was a nullity.

Defendant further alleges that if plaintiff's motion was timely, it was legally insufficient to preserve for appellate review the errors alleged by plaintiff. Rule 17, 12 O.S.Supp.1982, Ch. 2, Appx., provides that a motion for a new trial must contain every ground on which the moving party intends to rely in the trial court. Defendant argues that by filing to motion to reconsider, plaintiff is limited to those issues raised in his motion.

Although a motion to reconsider is not a part of Oklahoma's statutory scheme of pleading, this Court has always considered motions based on substantive allegations asserted rather than on the nomenclature given to the pleading by the litigant. *Knell v. Burnes*, Okl., 645 P.2d 471, 473 (1982).

While styled a motion to reconsider, we agree with defendant that plaintiff's motion was in substance a motion for new trial. We note that the language of plaintiff's amended motion to reconsider is

clearly based on the statutory language of 12 O.S.1981, § 651, which enumerates the grounds for a motion for new trial.[1] In addition, plaintiff's attorney, at the hearing on the motion, indicated his belief that the motion had been filed within the ten-day period required for a motion for new trial.[2]

A motion for new trial, however styled, which is filed after the expiration of ten days following the decision, is treated as ineffective. *Timeplan Corporation v. O'Connor,* Okl., 461 P.2d 935 (1969). Since we hold that plaintiff's motion to reconsider was in effect a motion for new trial, it was not timely filed, and was therefore ineffective to extend appeal time from the decision.

Plaintiff's petition in error appealing the court's summary judgment was *filed within 30 days of the final order* as required by 12 O.S.1981 § 990; therefore, plaintiff's appeal from that judgment is timely.

## II.

The primary issues which plaintiff raises on appeal are error of the trial judge in holding the article published was not libelous per se as to plaintiff; error of the trial judge in holding that plaintiff had admitted the truth of the article; and error of the trial judge in refusing leave to plaintiff to withdraw an erroneous response to request for admissions of facts, and to modify a second response.

We affirm the summary judgment of the trial court without reaching the questions raised on appeal of whether such admissions may be withdrawn, and if they may be withdrawn, under what conditions they may be withdrawn. We agree with the trial court that as a matter of law, the article was not defamatory as to the plaintiff.

Plaintiff's petition alleged as libelous that part of an article published by the defendant on January 28, 1978, reading:

"A Drumright judge accused of manipulating a jury to benefit a former law partner is under investigation by the Oklahoma Counsel (sic) on Judicial Complaints, the Oklahoman learned Friday.

"Woodson is under investigation by the Counsel (sic) on Judicial Complaints over allegations of manipulation of a jury to benefit Jack Sellers, a former law partner in Drumright.

"According to sources knowledgeable about the case, Woodson allegedly shifted a jury from Bristow to Drumright after it had given Sellers four favorable decisions.

"In Drumright, the jury reportedly returned another verdict favorable to Sellers involving a $500,000 judgment."

Since *Fite v. Oklahoma Publishing Co.,* 146 Okl. 150, 293 P. 1073 (1930), this Court has consistently held that words charged to be defamatory and therefore libelous fall into three classes: (1) those not of defamatory meaning; (2) those reasonably suscep-

---

1. 12 O.S.1981, § 651, provides that a new trial may be granted, on the application of the party aggrieved, for such causes as:

   "Sixth. That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law.
   Seventh. Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

   Plaintiff's amended motion to reconsider is clearly based on 12 O.S.1981 § 651, and states in part:

   "1. That the decision of the Court on February 10, 1982 is not abstained by sufficient evidence and is contrary to law.
   2. Newly discovered evidence, material for the plaintiff.... which material the plaintiff could not, with reasonable diligence, have produced at the hearing on the Motion for Summary Judgment."

2. Plaintiff's counsel at the hearing on the amended motion to reconsider stated:

   "The additional grounds we have added, I think are probably covered in the original motion, but I am using the language—the statutory language, that I feel is the same language used in the Motion for New Trial on a jury verdict or a decision of the court, and I believe it is appropriate to put that in ... I address myself to those things to be sure the Court understands we are in a proper time frame for this motion. First, we made it within ten (10) days of the court sustaining the Motion for Summary Judgment ..."

tible of both a defamatory and an innocent meaning (commonly referred to as libel *per quod*); and (3) those clearly defamatory on their face (commonly referred to as libel *per se*). [In accord, see *Miskovsky v. Tulsa Tribune Co.*, Okl., 678 P.2d 242, 54 OBJ 1751 (1983); *Akins v. Altus Newspapers, Inc.*, Okl., 609 P.2d 1263 (1980), cert.den. 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 467]

Plaintiff alleges that the article published by defendant is libelous per se. *Fite, supra,* set forth the general rule of determining whether a publication is actionable per se:

"The term 'per se' means by itself; simply as such; in its own nature without reference to its relations' ... and, in connection with slander and libel, the term is applied to words which are actionable because they, of themselves, without anything more, are opprobrious. In other words, a publication is actionable per se when the language used therein is susceptible of but one meaning, and that an opprobrious one, and the publication on its face shows that the derogatory statements, taken as a whole, refer to the plaintiff, and not to some other person."

■ It is a matter of law for the trial court to determine if the publication is libelous per se, as opposed to a fact determination for the jury as to the publication being libelous per quod. *Akins,* supra.

■ The court must determine first whether a communication is capable of bearing the particular meaning, or innuendo, ascribed to it by the plaintiff; and second, whether that meaning is defamatory. If the court decides against the plaintiff on either of these questions, there is no further question of fact to be determined by a jury. [See Restatement (2nd) Torts, § 614]

■■ No artificial and unreasonable construction of the words can add a defamatory meaning not fairly to be found in the light of the circumstances. With regard to libel per se, no mere claim of the plaintiff

can add a defamatory meaning where none is apparent from the publication itself. It remains a question for the court whether the defamatory meaning claimed by the plaintiff might reasonably be conveyed. [See Prosser, Law of Torts (4th Ed., 1971) § 111]

■ Summary judgment is appropriate if there is no substantial controversy as to any material fact, and it appears that any party is entitled to judgment as a matter of law. *RST Service Mfg. Inc. v. Musselwhite,* Okl., 628 P.2d 366 (1981). We agree with the trial court that as a matter of law defendant's article was not libelous per se as to plaintiff Sellers. Therefore, there was no question of fact for a jury's consideration, and summary judgment was proper for disposition by the trial court.

### III

Plaintiff specifically alleges that the article charges him with obstruction of justice (21 O.S.1981, § 421.5), drawing jurors fraudulently (21 O.S.1981, § 389), and violation of Disciplinary Rules 1–102(5) and 7–110 (5 O.S.1981, Ch. 1, App. 3). However, we believe no reasonable reader could have interpreted the words of the article as imputing unethical and criminal conduct to plaintiff Sellers.

■ Examining the language of the article contextually, it is libelous per se only if it:

"... engenders in the mind of the reader a conclusion, impression, or opinion of the plaintiff that is defamatory, and as such tends to expose plaintiff to public hatred, contempt of obloquy." *Winters v. Morgan,* Okl., 576 P.2d 1152, 1154 (1978).

■ In determining whether the material is libel per se, it alone must be construed, stripped of all insinuations, innuendo, colloquialisms and explanatory circumstances. *Gentry v. Wagoner County Publishing Co.,* Okl., 351 P.2d 718 (1960). While the court makes the libel per se determination as a matter of law, the material must be "measured by its natural and

probable effect upon the mind of the average lay reader." *Hargrove v. Oklahoma Press Publishing Co.*, 130 Okl. 76, 265 P. 635 (1928).

 The first paragraph of the four paragraphs alleged by plaintiff to be defamatory informs readers that a judge has been accused of certain conduct and that he is under investigation by the Council on Judicial Complaints. We cannot agree that a reader would reasonably interpret a statement that a judge has been accused as an assertion that his former law partner engaged in unethical and illegal conduct.

The second paragraph states the subject matter of the investigation to be allegations of jury manipulation by the judge for the benefit of plaintiff. These words cannot be reasonably interpreted as suggesting that the allegations are true, but only that an investigation is in fact underway. And even more, the words cannot be read as saying that the supposed beneficiary of the alleged acts being investigated has engaged in criminal or unethical conduct.

The third paragraph states with great specificity what the judge is alleged to have done. Plaintiff says that a reasonable reader would interpret the words "according to sources knowledgeable about the case" as meaning that persons knowledgeable about the matter have asserted that such conduct actually occurred. But again, this paragraph does no more than state specifically what the judge is alleged to have done. Again, it does not accuse plaintiff of wrongful conduct.

Finally, the fourth paragraph states that a jury reportedly returned a $500,000 verdict for the plaintiff. Even if the paragraph is read to state as fact that the verdict was returned, a statement that plaintiff won a case could hardly be construed as defamatory—even in light of the preceding paragraphs.

We conclude that plaintiff cannot prevail on his claims that the article published by defendant accuses him of improper and illegal conduct, because the article cannot, as a matter of law, be read to make such an accusation as to the plaintiff. Therefore, since the basis for the action is not susceptible of the defamatory meaning which plaintiff urges, it is for the court to so rule as a matter of law—which the court has done in this case.

■ ■ The established rule for determining the validity of a petition in a libel suit is that where a writing is not libelous per se, recovery is dependent on allegation of special damages. *Fite*, supra; *Haynes v. Alverno Heights Hospital*, Okl., 515 P.2d 568, 569 (1973). Since plaintiff alleged no special damages in his petition, the trial court was correct in granting defendant's motion for summary judgment and in entering judgment for the defendant.

Judgment of the trial court is AFFIRMED.

BARNES, C.J., and HODGES, LAVENDER, HARGRAVE and WILSON, JJ., concur.

OPALA, J., concurs in judgment.