2003 OK 12

**Jim K. HUMPHRIES, Plaintiff/Appellant,**

v.

**Dean LEWIS d/b/a Dean Lewis Realtors, Defendant/Appellee.**

**No. 96,250.**

Supreme Court of Oklahoma.

Feb. 11, 2003.

As Corrected Feb. 12, 2003.

Rehearing Denied April 14, 2003.

334

Douglas L. Boyd, Tulsa, for Appellant.

John W. Anderson, Jr., Tulsa, for Appellee.

BOUDREAU, Justice.

¶1 Jim K. Humphries (plaintiff) sued Dean Lewis d/b/a Dean Lewis Realtors (defendant) to recover a real estate commission. After the jury found in favor of defendant, the trial court entered judgment on the jury verdict. The judgment was filed October 11, 2000. In the next 30 days, which is the deadline set out in § 696.4(B),[1] defendant neither applied for fees and costs nor sought an extension of time within which to do so. On the forty-second day after judgment, twelve days late, defendant filed an application for fees and costs. Plaintiff opposed the application as untimely under § 696.4(B). Defendant then filed a motion under § 2006(B)(2)[2], requesting an extension of time within which to apply for fees and costs. The trial court accepted the § 2006(B)(2) motion, conducted a hearing to determine whether defendant's failure to timely apply for fees and costs was

---

1. 12 O.S.2001 § 696(4)(B). Section 696.4(B) provides in pertinent part: "If attorney's fees, costs or interest have not been included in the judgment, decree or appealable order, a party seeking any of these items must file an application.... The application must set forth the amount requested and include information which supports that amount. The application must be filed within 30 days after the filing of the judgment, decree or appealable order. .... For good cause shown, the court may extend the time for filing the application upon motion filed within the time the application could be filed."

Although § 696.4 governs applications for "fees, costs and interest," we will refer only to

fees and costs since interest is not at issue in this case. Similarly, although § 696.4(B) refers to applications filed after entry of a "judgment, decree or appealable order," we will refer only to judgment.

2. 12 O.S.2001 § 2006(B)(2). Section 2006(B)(2) provides in pertinent part: "When ... an act is required ... to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect."

the result of excusable neglect, concluded it was, and awarded fees and costs to defendant in the total sum of $34,129.98.[3] Plaintiff appealed, arguing the trial court erred in its legal conclusion that the deadline in § 696.4(B) is subject to being extended under § 2002(B)(2) and erred in its factual finding that the defendant established excusable neglect. The Court of Civil Appeals affirmed. We previously granted plaintiff's petition for writ of certiorari.

## I. *Issues*

¶ 2 There are three issues for resolution. The first involves the interplay between §§ 696.4(B) and 2006(B)(2). Section 696.4(B) sets a 30–day deadline for seeking an extension of time within which to apply for fees and costs. We must decide whether this deadline is absolute or is, instead, subject to being extended under § 2006(B)(2). Second, we must interpret the phrase "excusable neglect" in § 2006(B)(2). Finally, we must decide whether the trial court abused its discretion when it found that defendant's failure to timely act was the result of excusable neglect.

## II. *Standard of Review*

 ¶ 3 The first two issues involve statutory construction. Statutory construction presents a question of law which we review *de novo*. *Arrow Tool & Gauge v. Mead,* 2000 OK 86 ¶ 6, 16 P.3d 1120, 1123. We claim plenary, independent and non-deferential authority to examine a trial court's legal rulings. *Manley v. Brown,* 1999 OK 79, ¶ 22 n. 30, 989 P.2d 448, 456 n. 30. The third issue is a question of fact which we review for abuse of discretion. We affirm a trial court's factual findings unless it makes a clearly erroneous conclusion and judgment, against reason and evidence. *CNA Ins. Co. v. Krueger, Inc.,* 1997 OK 142, 949 P.2d 676.

## III. *Interplay between § 696.(B)(4) and § 2006(B)(2)*

 ¶ 4 To resolve the first issue, we consider the interplay between §§ 696.4(B) and 2006(B)(2). Section 696.4 addresses applications for attorney fees, costs and interest

after the entry of a judgment, decree or appealable order. Section 2006 addresses computation of time and motions for extension of time under Title 12 of the Oklahoma Statutes.

¶ 5 Section 696.4(B) sets one deadline—30 days after the filing of a judgment—for two distinct acts: the act of applying for fees and costs, and the act of moving for an extension of time within which to apply for fees and costs. In other words, it requires that within 30 days after the filing of a judgment, a party must either apply for fees and costs or move for an extension of time to apply for fees and costs. Section 696.4(B) is silent about the consequences of failing to meet the 30–day deadline.

¶ 6 Section 2006(B) governs motions for extensions of time generally. It allows the trial court to grant an extension of time under two scenarios. Subsection (B)(1), which is not at issue in this case, applies when the motion for extension of time is filed *before* the expiration of the original deadline. Subsection (B)(2) applies when, as in this case, the motion for extension of time is filed *after* the expiration of the original deadline. Under subsection (B)(2), the party seeking the extension must establish excusable neglect for failing to meet the deadline for which the extension is sought.

 ¶ 7 Fundamental to statutory construction is to ascertain and give effect to legislative intent. *City of Durant v. Cicio,* 2002 OK 52, ¶ 13, 50 P.3d 218, 221. Where the language of a statute is clear and unambiguous, the language will be given its plain meaning. *Id.* Whenever it is possible to construe two acts by giving effect to both without doing violence to either, such construction is preferred over one that may produce conflict between them. *Grand River Dam Auth. v. State,* 1982 OK 60, 645 P.2d 1011, 1019.

 ¶ 8 Again, the first issue is whether the 30–day deadline in § 696.4(B) is absolute or is, instead, subject to being extended under § 2006(B)(2). Keeping in mind the Court's duty to interpret the two statutes so

---

**3.** Plaintiff stipulated to the reasonableness and necessity of these fees and costs.

as to give effect to both, if possible, we hold that the deadline is subject to being extended.[4]

¶ 9 Section 2006(B)(2) provides in pertinent part: "When . . . *an act* is required . . . to be done . . . within a specified time, the court . . . may . . . . upon motion made after the expiration of the specified period permit *the act* to be done where the *failure to act* was the result of excusable neglect." (emphasis added). Most statutes set one deadline for one act. When there is one deadline for one act, it is clear which act is the one that is required to be done within a specified time. Section 696.4(B), however, sets one deadline for two acts, both of which are required to be done within the same specified time. The only way to construe §§ 2006(B)(2) and 696.4(B) together, giving effect to both without doing violence to either, is to apply the "failure to act" language in § 2006(B)(2) to both of the "acts" identified in § 696.4(B). In other words, a party who fails to timely apply for fees and costs and fails to timely request an extension of time under § 696.4(B), and who then files a motion for extension of time under § 2006(B)(2), must show excusable neglect not only for failing to apply for fees and costs within 30 days but also for failing to seek an extension of time within that same period.

¶ 10 This interpretation does not create any conflict between the two statutes—it harmonizes them. Section 696.4(B) does not expressly prohibit a motion for extension of time filed more than 30 days after judgment—it is silent on the issue; and

§ 2006(B)(2) expressly authorizes motions for extension of time filed after the original deadline has expired. Further, § 2006(B)(2) applies to all deadlines set out in Title 12 of the Oklahoma Statutes except the ones enumerated in § 2006(B)(2).[5] Since the 30–day deadline in § 696.4(B) is not one of the enumerated deadlines excluded from § 2006(B)(2), it is subject to being extended under § 2006(B)(2).

¶ 11 This interpretation also comports with the Committee Comment to § 696.4, which expressly states that the time for filing "the motion" [for extension of time] may be enlarged under § 2006(B).[6] Although the Comment is not binding, it does serve to clarify legislative intent and aid the Court in interpreting the statute. *Ross v. Kelsey Hayes, Inc.*, 1991 OK 83, 825 P.2d 1273, 1277–78.

¶ 12 Finally, this interpretation does not conflict with our holding in *Dewey v. Firefighters Pension and Retirement System*, 2001 OK 40, 28 P.3d 539. In *Dewey*, the party seeking pre-judgment interest filed its application after the expiration § 696.4(B)'s 30–day deadline, and the other side opposed the motion as untimely. In this regard, the *Dewey* facts are the same as the facts in this case. We said the 30 day deadline in § 696.4(B) is "an indispensable precondition." The difference between *Dewey* and this case is that in *Dewey*, there is no suggestion that the party subsequently filed a § 2006(B)(2) motion for extension of time. Thus, in *Dewey*,

---

**4.** For two reasons we do not apply the well-established rule concerning specific and general statutes. The rule is that "where two statutes are in conflict, a special statute will control and act as an exception to a statute of general applicability. However, this rule applies only when the special statute clearly includes the matter in controversy." *Tulsa County Deputy Sheriff's FOP v. Board of County Commissioners of Tulsa County*, 1988 OK 44, ¶ 13, 959 P.2d 979, 981. Here, the two statutes are not in conflict—they are harmonious. And § 696.4(B) does not "clearly include" the matter in controversy—it is silent on the matter in controversy.

**5.** Section 2006(B)(2), by its own terms, cannot be used to extend the following deadlines: "taking an appeal from a judgment, decree or appealable order, or for seeking a new trial, a judgment

notwithstanding the verdict, or to correct, open, modify, vacate or reconsider a judgment, decree, or appealable order, except as provided in the sections governing such proceedings." By its own terms, it can be used to extend all other deadlines in Title 12.

**6.** The Comment reads in pertinent part: "If costs, attorney's fees and interest are not included in a judgment, decree or appealable order, then § 696.4(B) requires them to be requested within 30 days after its filing. Section 696.4(B) also provides that the court may extend the time for filing a bill of costs or application for attorney's fees or prejudgment interest upon motion filed within 30 days after judgment. *In addition the time for filing the motion may be enlarged under Okla.Stat. tit. 12, § 2006(B)*." (emphasis added).

we simply did not address the question that is presented by the facts of this case.

### III. *Excusable neglect standard*

¶ 13 We have never defined the phrase "excusable neglect" in § 2006(B)(2). However, since § 2006(B)(2) tracks Rule 6(b) of the Federal Rules of Civil Procedure, we may properly look to federal decisions as a guide.[7]

¶ 14 The seminal case defining excusable neglect is *Pioneer Iv. Servs. Co. v. Brunswick Assocs. Ltd. Partnerships*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In *Pioneer,* the United States Supreme Court resolved differences among several federal circuit courts.[8] Some had taken a narrow view, holding that excusable neglect is limited to circumstances beyond the party's control; others had adopted a more liberal approach.[9] The Court rejected the narrow view and concluded that "Congress plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer* at 388, 113 S.Ct. 1489.

¶ 15 The Court held that the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. 1489. In making this determination, the proper focus is on both the movant and the movant's counsel. *Id.* at 397, 113 S.Ct. 1489.

¶ 16 We agree with the analysis of *Pioneer.* We adopt *Pioneer's* excusable neglect standard.

### V. *Application of facts to standard for excusable neglect*

¶ 17 At the hearing in this case, defendant's counsel explained why he failed to timely apply for fees and costs. He testified that the operating system on his computer crashed about two weeks before the 30–day deadline expired and that all of his case and billing files were lost. The computer problems also prevented him from restoring files from his backups. During the next two weeks, he spent approximately 25 hours on the telephone with representatives from Microsoft and Dell. He had to completely delete Windows 95, install Windows 98, reinstall all his software and restore all his data from backups. He testified he was not able to recreate his billing records until after the 30–day period expired.

¶ 18 Applying the *Pioneer* factors, we agree with the trial court that these problems constitute excusable neglect for failing to timely file an application for fees and costs with itemized billing records. For a reason beyond the control of defendant's counsel, the billing records simply were not reasonably recoverable within 30 days after judgment. The computer problems do not, however, constitute excusable neglect for failing to timely seek an extension of time. Although the length of the delay was short, with little impact on judicial proceedings and little or no prejudice to plaintiff, the other *Pioneer* factors weigh heavily against a finding of excusable neglect. Defendant's counsel virtually conceded as much at the hearing before the trial court, when he admitted he could have prepared a motion for extension of time using another computer or a typewriter, or could have hand-written the mo-

---

7. "Where the text of the Federal Rules has been adopted in the Oklahoma Pleading Code, the construction placed on it by federal and state courts should be presumed to have been adopted as well." Introductory Committee Comment to Oklahoma Pleading Code, 12 O.S. §§ 2001 *et seq.*

8. The phrase "excusable neglect" is found in numerous federal statutes, including Fed. R.Civ.P. 6(B). The fact that *Pioneer* is a bank-

ruptcy case is immaterial to the issue in this case because the Court's analysis rested upon the plain meaning of the words excusable and neglect, and there is no reason why their meaning would be any different under Fed.R.Civ.P. 6(B) or our § 2006(B)(2).

9. The circuit court split is detailed in *Pioneer* at 387 n. 3, 113 S.Ct. 1489.

tion.[10] We hold that the trial court abused its discretion when it awarded attorney fees and costs to defendant.

## VI. *Conclusion*

¶ 19 Sections 696.4(B) and 2006(B)(2) can be construed together harmoniously without doing violence to either. A party seeking an extension of time under § 2006(B)(2), after the expiration of the 30–day deadline in § 696.4(B), must establish two things: first, that the failure to apply for fees and costs within 30 days was the result of excusable neglect; second, that the failure to move for an extension of time within 30 days was the result of excusable neglect.

¶ 20 Whether neglect is excusable is at bottom an equitable determination based on all relevant circumstances. Factors to consider include the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. In making this determination, the proper focus is on both the movant and movant's counsel. *Id.* at 397, 113 S.Ct. 1489.

¶ 21 In this case, although defendant established excusable neglect for his failure to timely apply for fees and costs, he did not establish excusable neglect for his failure to move for an extension of time within 30 days after judgment.

¶ 22 We vacate the opinion of the Court of Civil and remand with directions to vacate the order awarding attorney fees and costs to defendant.

WATT, C.J., LAVENDER, KAUGER, SUMMERS, WINCHESTER, JJ., concur.

HODGES, HARGRAVE, JJ., dissent.

OPALA, V.C.J., concurs in part and dissents in part.

HODGES, J., dissenting.

¶ 1 I agree with the Court's conclusion that sections 696.4 and 2006 of title 12 can be construed in a manner to avoid conflict. I also agree with the Court's definition of excusable neglect. I dissent to its conclusion that the trial court abused its discretion in allowing the late filings.

¶ 2 The trial court's finding of excusable neglect for the failure to timely file the application to assess attorney fees and costs will be affirmed absent an abuse of discretion. Okla. Stat. tit. 12, § 2006(B) (2001). The factors that this Court should consider are: (1) prejudice to the opposing party, (2) "the length of delay and its potential impact on [the] judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *See Pioneer Investment Services Co. v. Brunswick Associates Ltd.* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

¶ 3 Lewis' attorney, a sole practitioner, stated that his computer failed making it impossible for him to retrieve documents within section 696.4's thirty-day time period. Humphries did not show he was prejudiced by the delay. There is no indication that the delay was the result of a lack of good faith or that the twelve-day delay in filing the application to access attorney fees and costs substantially impacted the proceedings. I do not conclude the fact that Lewis' attorney could have borrowed a computer or written the motion by hand is conclusive that the

**10.** At the hearing defendant's counsel testified as follows:

"Q. And you did not ask for [an extension] because you had computer problems, is that the bottom line?

A. The computer problems prevented me from taking action to get one, yes.

Q. It is your testimony that there was no other way other than using your computer to prepare an application for an extension?

A. No, that's not my testimony.

Q. Well, then, why did you not use another method to prepare an application?

A. You mean like handwriting one?

Q. Handwriting, having someone type one up, borrowing another computer?

A. I guess I didn't go through all the possible permutations."

trial court abused its discretion. Thus, I would affirm the trial court.