Dear Senator Corn:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does an examination in Oklahoma of a child alleged to have suffered sexual abuse require that the examining physician be currently licensed to practice in the State of Oklahoma?
 OKLAHOMA LICENSURE OF PHYSICIANS
To answer your question we must first determine who is considered or defined to be a physician under Oklahoma law. Title 59 of the Oklahoma Statutes provides for the regulation of certain professions and occupations in the state of Oklahoma, including those of the healing arts. According to 59 O.S. Supp. 2005, § 725.2[59-725.2](C) in pertinent part it provides:
 Unless otherwise specifically provided in a particular section or chapter of the Oklahoma Statutes, the word "physician" or "physicians" shall mean and include each of the classes of persons listed in paragraphs 1 through 6 of subsection A of this section.
Id. The classes of persons who may use the word physician listed in 59 O.S. Supp. 2005, § 725.2[59-725.2](A), subsections 1 through 6, include persons licensed under various chapters of Title 59 to practice any one or more of the following healing arts: (1) "podiatry under Chapter 4," (2) "chiropractic under Chapter 5," (3) "dentistry under Chapter 7," (4) "medicine and surgery under Chapter 11," (5) "optometry under Chapter 13," and (6) "osteopathy under Chapter 14." Id. In other words, a physician is a person currently licensed under Oklahoma law to practice one or more of the healing arts of podiatry, chiropractic, dentistry, medicine and surgery, optometry or osteopathy.
The next determination to be made is what actions or activities of a physician constitute the performance of an examination of a child suspected to be a victim of sexual abuse. Subject to certain authorized exceptions,[1] 59 O.S. 2001, § 731.3[59-731.3] in pertinent part provides:
 [N]o person shall in any manner engage in, offer to engage in, or hold himself out as qualified to engage in the diagnosis and/or treatment of any human ill unless such person is the holder of a legal and unrevoked license or certificate issued under the laws of Oklahoma authorizing such person to practice the healing art covered by such license and is practicing thereunder in the manner and subject to the limitations provided by the laws of the State of Oklahoma for the issuance of such license or certificate for the practice thereunder.
Id. (emphasis added). In other words, Section 731.3 prohibits persons from engaging in, offering to engage in, or holding themselves out as qualified to engage in certain actions or activities associated with the healing arts if they are not currently licensed under Oklahoma law to practice the healing art authorized in the license.
The word "diagnosis" and the term "human ill" as used in Sections 731.1 through 731.7 of Title 59 are each defined in 59 O.S. 2001, § 731.1[59-731.1]. The word "diagnosis" means "the use professionally of any means for the discovery or determination of any human ill as herein defined, or the cause of any such human ill[.]"Id. The term "human ill" means "any human disease, ailment, deformity, injury or unhealthy or abnormal physical and/or mental condition of any nature[.]" Id. Taken together, a diagnosis includes any professional use of any means of discovery or determination of a human ill or the cause of any such human ill, such as an injury or abnormal physical condition caused by child abuse. Based upon this authority, an examination of a child alleged to have suffered sexual abuse involves a diagnosis of a human ill. InHumphries v. Lewis, 67 P.3d 333, 335 (Okla. 2003) the Oklahoma Supreme Court stated, "Where the language of a statute is clear and unambiguous, the language will be given its plain meaning."Id. (citation omitted). Accordingly, 59 O.S. 2001, § 731.3[59-731.3] requires that a diagnosis of a human ill, including an examination of a child alleged to be a victim of sexual abuse, be performed by a physician licensed under Oklahoma law who is operating within the scope of his or her current and unrevoked license to practice the healing art covered by such license.
 FORENSIC EXAMINATIONS
The next determination to be made is whether an examination of a child suspected to be a victim of sexual abuse is considered to be a sexual examination or a forensic examination to preserve evidence that may be used to criminally prosecute the offender. The Oklahoma Court of Criminal Appeals has decided several cases using evidence derived from a forensic examination without providing a definition of the term "forensic examination."[2] To address this question we need to look to the field of forensic medicine. According to Webster's ThirdInternational Dictionary, the term "forensic medicine" is defined as "a science that deals with the relation and application of medical facts to legal problems." Id. at 889. In a situation where child sexual abuse is suspected, it follows that a forensic examination deals with the relation and application of medical facts, such as those which indicate that an act or acts of sexual abuse have occurred and when such act or acts occurred, to legal problems including that of whether a child is the victim of sexual assault or abuse, as well as the identity of the suspected assailant or abuser. In other words, an examination of a child suspected to have suffered from sexual abuse and a forensic examination of a child for the very same reason are essentially the same examination.
This is further illustrated in the Oklahoma Crime Victims Compensation Act, 21 O.S. 2001 Supp. 2005, §§ 142.1-142.20, which provides a method of compensating and assisting those persons who become victims of criminal acts and who suffer physical or psychological injury or death. While not limited to instances involving child sexual assault victims, 21 O.S. 2001, § 142.20[21-142.20] provides for the establishment of a Sexual Assault Examination Fund to pay certain costs associated with a sexual assault examination. According to 21 O.S. 2001, § 142.20[21-142.20](A) in pertinent part it provides:
 A Sexual Assault Examination Fund shall be established for the purpose of providing to a victim of a sexual assault a medical examination by a qualified licensed health care professional for the procurement of evidence to aid in the investigation and prosecution of a sexual assault offense and to provide to the victim medications as directed by said health care professional.
Id. (emphasis added).
The medical examinations mentioned in 21 O.S. 2001, § 142.20[21-142.20](A), are referred to in Section 142.20(E), as "sexual assault forensic examinations." In other words, in situations involving sexual assaults and the examination which follows to procure evidence to aid in the prosecution of the criminal act or acts involved, such medical examinations are "sexual assault forensic examinations" within the meaning of 21 O.S. 2001, § 142.20[21-142.20](A).
 SUMMARY
An examination of a child suspected to be a victim of sexual abuse is the diagnosis of a human ill requiring that the examining physician be licensed and that the examination be within the scope of practice covered by that license. See 59 O.S. 2001, § 731.3[59-731.3]. The same examination may also be performed for the purpose of procuring evidence to aid in the investigation and prosecution of a sexual assault offense and is thus a forensic examination. See 21 O.S. 2001, §§ 142.20[21-142.20](A), (E). For purposes of the license requirements for the examining physicians, there is no distinction. Whether it is called a medical examination or a forensic examination, the physician performing the examination must be currently licensed in Oklahoma.
 It is, therefore, the official Opinion of the Attorney General that:
 Title 59 O.S. 2001, § 731.3[59-731.3] requires that when a diagnosis of a human ill is to be made by a physician, including an examination of a child suspected to have suffered sexual abuse, it must be performed by a physician currently licensed by the state of Oklahoma. Under the provisions of 21 O.S. 2001, § 142.20[21-142.20], a medical examination of a child suspected to be a victim of sexual abuse for the procurement of evidence to aid in the investigation and criminal prosecution of the sexual assault offense is a forensic examination. Thus, for purposes of licensure, whether entitled medical or forensic, the examination must be performed by a licensed physician within the scope of practice of that physician's license.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 BRYAN NEAL ASSISTANT ATTORNEY GENERAL
[1] The authorized exceptions referred to in 59 O.S. 2001, § 731.3[59-731.3] are listed in Title 59 at Sections 492(D) (listing actions not included in the definition of the practice of medicine and surgery) and 731.5 (excluding certain persons from requirements of law applicable to practitioners of the healing arts).
[2] See, e.g., of Moore v. State, 788 P.2d 387, 399-400
(Okla.Crim. 1990), Cannon v. State, 904 P.2d 89, 101-02 (Okla. Crim. 1995) and Johnson v. State, 928 P.2d 309, 313 (Okla. Crim. 1996). Each case refers to the term "forensic examination" without providing any definition of the term.