2015 OK CIV APP 61

Kathi DRYE, Plaintiff/Appellant,

v.

TARGET aka Target Store # 2220 aka Target Corporation aka Target Stores, Defendant/Appellee.

No. 113,244.

Court of Civil Appeals of Oklahoma, Division No. 2.

Feb. 6, 2015.

Certiorari Denied May 18, 2015.

Robert W. Haiges, Haiges, Coury & Associates, PLLC, Edmond, Oklahoma, for Plaintiff/Appellant

Brion B. Hitt, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Oklahoma, for Defendant/Appellee

JERRY L. GOODMAN, Vice–Chief Judge.

¶1 Kathi Drye (Drye) appeals an August 28, 2014, order denying her motion for reconsideration or new trial. Based on our review of the facts and applicable law, we affirm.

## BACKGROUND

¶2 Drye filed suit against Target on October 21, 2013, in CJ–2013–1323.[1] Summons

---

1. On August 24, 2009, Drye purportedly slipped and fell at a Target store in Norman, Oklahoma. Drye filed a petition against Target on August 23, 2011, in the District Court of Cleveland County, CJ–2011–1319. Target removed the case to the United States District Court for the Western District of Oklahoma. After Drye failed to respond to discovery requests, Target filed a motion to

issued the same day. The last day for Drye to serve Target expired on April 21, 2014. Drye failed to serve Target and on May 12, 2014, Target filed a special appearance and motion to dismiss, asserting the case was deemed dismissed pursuant to 12 O.S.2011 and Supp.2013, § 2004(I). On May 15, 2014, Drye filed an application for additional time to serve summons, which the trial court granted by order filed on May 20, 2014, prior to Target's response to Drye's application.[2] On May 22, 2014, Target filed a special appearance and objection, asserting Drye had failed to show "good cause" why service had not been made within the 180 days. Target subsequently sought vacation of the order permitting Drye additional time to serve summons.

¶ 3 After additional briefing and a hearing, the trial court granted Target's motion to vacate its previous order allowing Drye additional time to serve summons and dismissed Drye's petition. On August 1, 2014, Drye filed a motion for reconsideration or new trial. By order entered on August 28, 2014, the court denied the motion. Drye appeals.

## STANDARD OF REVIEW

¶ 4 Drye's motion for reconsideration or new trial was timely filed within ten (10) days of the trial court's journal entry of judgment on July 22, 2014.[3] We review a trial court's order denying a motion for new trial pursuant to an abuse of discretion standard. *Robinson v. Oklahoma Nephrology Assoc., Inc.,* 2007 OK 2, ¶ 6, 154 P.3d 1250, 1253.

¶ 5 However, before this Court can determine if the trial court abused its discretion in denying Drye's motion for new trial, we must review the trial court's underlying decision which 1) granted Target's motion to vacate the court's previous order granting Drye additional time to serve summons, and 2) granted Target's motion to dismiss. The standard of review of an order granting a motion to vacate is whether the trial court abused its discretion. *In re Estate of Hughes,* 2004 OK 20, ¶ 8, 90 P.3d 1000, 1003. The test for measuring the legal correctness of a motion to vacate is whether sound discretion was exercised upon sufficient cause shown. *Id.* This Court subjects a court's order granting a motion to dismiss to *de novo* review. *Wilson v. State ex rel. State Elect. Bd.,* 2012 OK 2, ¶ 4, 270 P.3d 155, 157.

## ANALYSIS

¶ 6 The trial court vacated the May 20, 2014, order granting Drye additional time to serve summons on Target and dismissed her petition, finding no valid service of process within 180 days. Drye contends this was error.

¶ 7 Drye asserts exceptional circumstances prevented her from effectuating service, noting summons did not, and likely could not, issue because the Court Clerk's Office misspelled her name. Drye states that upon learning of the problem she filed another petition against Target on April 14, 2014, in CJ–2014–439, in which summons was timely served, as well as an application for additional time to serve summons on May 15, 2014, in the present case. Drye further contends 12 O.S.2011, § 2006(B) permits the trial court to enlarge the time to comply with any Court Rule, even after the expiration of the original time, where failure to comply was the result of excusable neglect, citing

---

compel, which the federal district court granted. Drye failed to comply with the order and Target moved to dismiss. Drye failed to respond and by order entered on April 26, 2013, the federal district court dismissed Drye's case without prejudice. However, the district court conditioned re-filing on the payment of fees and costs. Target filed the federal court's order and judgment in the District Court of Cleveland County pursuant to the Uniform Enforcement of Foreign Judgments Act, 12 O.S.2011, § 719 *et seq. See* No. CY–2014–556. This Court is not addressing whether this condition applies to this Court.

2. Prior to filing her application for additional time to serve summons, Drye filed another petition against Target on April 14, 2014, in CJ–2014–439, in which summons was timely served.

3. "A 'motion to reconsider' does not technically exist within the statutory nomenclature of Oklahoma practice and procedure." *Smith v. City of Stillwater,* 2014 OK 42, ¶ 10, 328 P.3d 1192, 1196–97 (citing *Pierson v. Canupp,* 1988 OK 47, ¶ 3 fn. 1, 754 P.2d 548, 550 fn. 1; *Sellers v. Oklahoma Pub. Co.,* 1984 OK 11, ¶ 11, 687 P.2d 116, 118).

*Humphries v. Lewis*, 2003 OK 12, 67 P.3d 333.

¶ 8 Target disagrees, asserting the trial court properly vacated the order granting Drye additional time to serve and dismissing her petition. Target notes Drye's application for extension of time offered no reason or good cause which prevented her from serving summons within 180 days. Contrary to Drye's assertion, Target notes the record provides summons was issued, citing the docket sheet.[4] Finally, Target notes Drye failed to comply with the federal court's order and judgment conditioning any future re-filing on payment of fees and costs. *See* CV-2014-556.

■ ¶ 9 A plaintiff must make service of process upon a defendant within 180 days after the petition is filed. *See* 12 O.S.2011 and Supp.2013, § 2004(I). If good cause is not shown why service was not made within that time, then the action "shall be deemed dismissed" without prejudice. *Id.* See also *Colclazier & Assocs. v. Stephens*, 2012 OK CIV APP 45, ¶ 12, 277 P.3d 1285, 1289, as corrected (June 1, 2012). The statute "cast[s] a burden upon the plaintiff who resists dismissal to demonstrate good cause why service on the defendant was not made within the prescribed 180-day period. Whether good cause has been demonstrated is left largely to the discretion of the trial court." *Willis v. Sequoyah House, Inc.*, 2008 OK 87, ¶ 11, 194 P.3d 1285, 1289 (finding counsel's statements referencing a clerical error in the lawyer's office insufficient to overcome the evidentiary burden).

¶ 10 Drye filed the petition on October 21, 2013. Section 2004(I) required service by April 21, 2014. Drye did not file an application for additional time to serve summons until May 15, 2014, and after Target had filed a special appearance and motion to dismiss on May 12, 2014. Furthermore, Drye's application did not provide the trial court with good cause why service was not made within the prescribed period, merely providing "Plaintiffs [sic] would request more time in order to properly serve Defendants [sic]."

¶ 11 Drye contends § 2006(B)(2) permits the trial court to enlarge the time to comply with § 2004(I), citing *Humphries*, 2003 OK 12, 67 P.3d 333. In *Humphries*, the Oklahoma Supreme Court addressed whether the 30–day deadline in 12 O.S.2001, § 696.4(B) was absolute or was subject to extension under § 2006(B)(2).

> Section 696.4(B) sets one deadline—30 days after the filing of a judgment—for two distinct acts: the act of applying for fees and costs, and the act of moving for an extension of time within which to apply for fees and costs. In other words, it requires that within 30 days after the filing of a judgment, a party must either apply for fees and costs or move for an extension of time to apply for fees and costs. *Section 696.4(B) is silent about the consequences of failing to meet the 30–day deadline.* (Emphasis added).

*Id.* at ¶ 5, 67 P.3d at 335. Section 2006(B), on the other hand, governs motions for extension of time generally. Section 2006(B)(2) provides in pertinent part: "When ... an act is required ... to be done ... within a specified time, the court ... may.... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

> [ ]The only way to construe §§ 2006(B)(2) and 696.4(B) together, giving effect to both without doing violence to either, is to apply the "failure to act" language in § 2006(B)(2) to both of the "acts" identified in § 696.4(B). In other words, a party who fails to timely apply for fees and costs and fails to timely request an extension of time under § 696.4(B), and who then files a motion for extension of time under § 2006(B)(2), must show excusable neglect not only for failing to apply for fees and costs within 30 days but also for failing to seek an extension of time within that same period.
>
> This interpretation does not create any conflict between the two statutes—it har-

---

4. Target also contends Drye's claim that the Court Clerk's Office misspelled her name lacks merit, noting Drye apparently filed the petition with the misspelling of her first name. Drye's petition provides "Kathi Drye" instead of "Kathy Drye."

monizes them. Section 696.4(B) does not expressly prohibit a motion for extension of time filed more than 30 days after judgment—it is silent on the issue; and § 2006(B)(2) expressly authorizes motions for extension of time filed after the original deadline has expired....

*Id.* at ¶¶ 9–10, 67 P.3d at 336. Finally, the Court declined to apply the well-established rule regarding specific and general statutes because the statutes did not conflict.

[ ]The rule is that "where two statutes are in conflict, a special statute will control and act as an exception to a statute of general applicability. However, this rule applies only when the special statute clearly includes the matter in controversy." *Tulsa County Deputy Sheriff's FOP v. Board of County Commissioners of Tulsa County,* 1988 OK 44, ¶ 13, 959 P.2d 979, 981. Here, the two statutes are not in conflict—they are harmonious. And § 696.4(B) does not "clearly include" the matter in controversy—it is silent on the matter in controversy.

*Id.* at ¶ 8 fn. 4, 67 P.3d at 336 fn. 4.

■ ¶ 12 Neither *Humphries,* nor any other Oklahoma appellate court, has addressed the interplay between § 2004(I) and § 2006(B)(2). This is an issue of first impression. Section § 2004(I) clearly addresses when service of process shall be made or the action shall be deemed dismissed. However, 2004(I) provides a plaintiff the opportunity to show good cause why service was not made within that time, thereby preventing dismissal. Contrary to the statute considered in *Humphries,* § 2004(I) specifically addresses the matter in controversy and the consequences of failing to meet the deadline or establish good cause. Where there is an apparent conflict between two statutes, one specific and one general, the statute enacted for the purpose of dealing with the specific subject matter controls over the general statute. *Phillips v. Hedges,* 2005 OK 77, ¶ 12, 124 P.3d 227, 231. Because § 2004(I) specifically deals with service of process as well as the failure to timely serve process, it controls in the present case.

## CONCLUSION

¶ 13 Accordingly, we conclude the trial court did not abuse its discretion in denying Drye's motion for new trial. The trial court's August 28, 2014, order is therefore affirmed.

¶ 14 **AFFIRMED.**

FISCHER, P.J., and WISEMAN, J., concur.