OSCN Found Document:DRYE v. TARGET

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 DRYE v. TARGET
2015 OK CIV APP 61
350 P.3d 417
Case Number: 113244
Decided: 02/06/2015
Mandate Issued: 06/10/2015
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2015 OK CIV APP 61, 350 P.3d 417

 

KATHI DRYE, Plaintiff/Appellant,
v.
TARGET aka TARGET 
STORE #2220 aka TARGET CORPORATION aka TARGET STORES, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, 
OKLAHOMA
HONORABLE THAD BALKMAN, TRIAL JUDGE

AFFIRMED

Robert W. Haiges, HAIGES, COURY & ASSOCIATES, PLLC, Edmond, Oklahoma, for 
Plaintiff/Appellant
Brion B. Hitt, FENTON, FENTON, SMITH, RENEAU & MOON, 
Oklahoma City, Oklahoma, for Defendant/Appellee


JERRY L. GOODMAN, VICE-CHIEF JUDGE:
¶1 Kathi Drye (Drye) appeals an August 28, 2014, order denying her motion for 
reconsideration or new trial. Based on our review of the facts and applicable 
law, we affirm.
BACKGROUND
¶2 Drye filed suit against Target on October 21, 2013, in CJ-2013-1323.[1] Summons issued 
the same day. The last day for Drye to serve Target expired on April 21, 2014. 
Drye failed to serve Target and on May 12, 2014, Target filed a special 
appearance and motion to dismiss, asserting the case was deemed dismissed 
pursuant to 12 O.S.2011 and Supp. 
2013, § 2004(I). On May 15, 2014, Drye filed an application for additional 
time to serve summons, which the trial court granted by order filed on May 20, 
2014, prior to Target's response to Drye's application.[2] On May 22, 2014, Target filed a 
special appearance and objection, asserting Drye had failed to show "good cause" 
why service had not been made within the 180 days. Target subsequently sought 
vacation of the order permitting Drye additional time to serve summons.
¶3 After additional briefing and a hearing, the trial court granted Target's 
motion to vacate its previous order allowing Drye additional time to serve 
summons and dismissed Drye's petition. On August 1, 2014, Drye filed a motion 
for reconsideration or new trial. By order entered on August 28, 2014, the court 
denied the motion. Drye appeals.
STANDARD OF REVIEW
¶4 Drye's motion for reconsideration or new trial was timely filed within ten 
(10) days of the trial court's journal entry of judgment on July 22, 2014.[3] We review a 
trial court's order denying a motion for new trial pursuant to an abuse of 
discretion standard. Robinson v. Oklahoma Nephrology Assoc., Inc., 2007 OK 2, ¶ 6, 154 P.3d 1250, 1253.
¶5 However, before this Court can determine if the trial court abused its 
discretion in denying Drye's motion for new trial, we must review the trial 
court's underlying decision which 1) granted Target's motion to vacate the 
court's previous order granting Drye additional time to serve summons, and 2) 
granted Target's motion to dismiss. The standard of review of an order granting 
a motion to vacate is whether the trial court abused its discretion. In re 
Estate of Hughes, 2004 OK 
20, ¶ 8, 90 P.3d 1000, 1003. 
The test for measuring the legal correctness of a motion to vacate is whether 
sound discretion was exercised upon sufficient cause shown. Id. This 
Court subjects a court's order granting a motion to dismiss to de novo 
review. Wilson v. State ex rel. State Elect. Bd., 2012 OK 2, ¶ 4, 270 P.3d 155, 157.
ANALYSIS
¶6 The trial court vacated the May 20, 2014, order granting Drye additional 
time to serve summons on Target and dismissed her petition, finding no valid 
service of process within 180 days. Drye contends this was error.
¶7 Drye asserts exceptional circumstances prevented her from effectuating 
service, noting summons did not, and likely could not, issue because the Court 
Clerk's Office misspelled her name. Drye states that upon learning of the 
problem she filed another petition against Target on April 14, 2014, in 
CJ-2014-439, in which summons was timely served, as well as an application for 
additional time to serve summons on May 15, 2014, in the present case. Drye 
further contends 12 O.S.2011, § 
2006(B) permits the trial court to enlarge the time to comply with any Court 
Rule, even after the expiration of the original time, where failure to comply 
was the result of excusable neglect, citing Humphries v. Lewis, 2003 OK 12, 67 P.3d 333.
¶8 Target disagrees, asserting the trial court properly vacated the order 
granting Drye additional time to serve and dismissing her petition. Target notes 
Drye's application for extension of time offered no reason or good cause which 
prevented her from serving summons within 180 days. Contrary to Drye's 
assertion, Target notes the record provides summons was issued, citing the 
docket sheet.[4] 
Finally, Target notes Drye failed to comply with the federal court's order and 
judgment conditioning any future re-filing on payment of fees and costs. 
See CV-2014-556.
¶9 A plaintiff must make service of process upon a defendant within 180 days 
after the petition is filed. See 12 O.S.2011 and Supp. 2013, § 
2004(I). If good cause is not shown why service was not made within that 
time, then the action "shall be deemed dismissed" without prejudice. Id. 
See also Colclazier & Assocs. v. Stephens, 2012 OK CIV APP 45, ¶ 12, 277 P.3d 1285, 1289, as corrected 
(June 1, 2012). The statute "cast[s] a burden upon the plaintiff who resists 
dismissal to demonstrate good cause why service on the defendant was not made 
within the prescribed 180-day period. Whether good cause has been demonstrated 
is left largely to the discretion of the trial court." Willis v. Sequoyah 
House, Inc., 2008 OK 87, ¶ 
11, 194 P.3d 1285, 1289 (finding 
counsel's statements referencing a clerical error in the lawyer's office 
insufficient to overcome the evidentiary burden).
¶10 Drye filed the petition on October 21, 2013. Section 2004(I) required 
service by April 21, 2014. Drye did not file an application for additional time 
to serve summons until May 15, 2014, and after Target had filed a special 
appearance and motion to dismiss on May 12, 2014. Furthermore, Drye's 
application did not provide the trial court with good cause why service was not 
made within the prescribed period, merely providing "Plaintiffs [sic] would 
request more time in order to properly serve Defendants [sic]."
¶11 Drye contends § 2006(B)(2) permits the trial court to enlarge the time to 
comply with § 2004(I), citing Humphries, 2003 OK 12, 67 P.3d 333. In Humphries, 
the Oklahoma Supreme Court addressed whether the 30-day deadline in 12 O.S.2001, § 696.4(B) was absolute 
or was subject to extension under § 2006(B)(2).

 
 Section 696.4(B) sets one deadline--30 days after the filing of a 
 judgment--for two distinct acts: the act of applying for fees and costs, and 
 the act of moving for an extension of time within which to apply for fees 
 and costs. In other words, it requires that within 30 days after the filing 
 of a judgment, a party must either apply for fees and costs or move for an 
 extension of time to apply for fees and costs. Section 696.4(B) is silent 
 about the consequences of failing to meet the 30-day deadline. (Emphasis 
 added).
Id. at ¶ 5, 67 P.3d at 335. Section 2006(B), on the other hand, 
governs motions for extension of time generally. Section 2006(B)(2) provides in 
pertinent part: "When ... an act is required ... to be done ... within a 
specified time, the court ... may .... upon motion made after the expiration of 
the specified period permit the act to be done where the failure to act was the 
result of excusable neglect."

 
 []The only way to construe §§ 2006(B)(2) and 696.4(B) together, giving 
 effect to both without doing violence to either, is to apply the "failure to 
 act" language in § 2006(B)(2) to both of the "acts" identified in § 
 696.4(B). In other words, a party who fails to timely apply for fees and 
 costs and fails to timely request an extension of time under § 696.4(B), and 
 who then files a motion for extension of time under § 2006(B)(2), must show 
 excusable neglect not only for failing to apply for fees and costs within 30 
 days but also for failing to seek an extension of time within that same 
 period.
 This interpretation does not create any conflict between the two 
 statutes--it harmonizes them. Section 696.4(B) does not expressly prohibit a 
 motion for extension of time filed more than 30 days after judgment--it is 
 silent on the issue; and § 2006(B)(2) expressly authorizes motions for 
 extension of time filed after the original deadline has expired. 
 .
Id. at ¶¶ 9-10, 67 P.3d at 336. Finally, the Court declined to apply 
the well-established rule regarding specific and general statutes because the 
statutes did not conflict.

 
 []The rule is that "where two statutes are in conflict, a special statute 
 will control and act as an exception to a statute of general applicability. 
 However, this rule applies only when the special statute clearly includes 
 the matter in controversy." Tulsa County Deputy Sheriff's FOP v. Board of 
 County Commissioners of Tulsa County, 1988 OK 44, ¶ 13, 959 P.2d 979, 981. Here, the two 
 statutes are not in conflict--they are harmonious. And § 696.4(B) does not 
 "clearly include" the matter in controversy--it is silent on the matter in 
 controversy.
Id. at ¶ 8 fn. 4, 67 P.3d at 336 fn. 4.
¶12 Neither Humphries, nor any other Oklahoma appellate court, has 
addressed the interplay between § 2004(I) and § 2006(B)(2). This is an issue of 
first impression. Section 2004(I) clearly addresses when service of process 
shall be made or the action shall be deemed dismissed. However, § 2004(I) 
provides a plaintiff the opportunity to show good cause why service was not made 
within that time, thereby preventing dismissal. Contrary to the statute 
considered in Humphries, § 2004(I) specifically addresses the matter in 
controversy and the consequences of failing to meet the deadline or establish 
good cause. Where there is an apparent conflict between two statutes, one 
specific and one general, the statute enacted for the purpose of dealing with 
the specific subject matter controls over the general statute. Phillips v. 
Hedges, 2005 OK 77, ¶ 12, 124 P.3d 227, 231. Because § 
2004(I) specifically deals with service of process as well as the failure to 
timely serve process, it controls in the present case.
CONCLUSION
¶13 Accordingly, we conclude the trial court did not abuse its discretion in 
denying Drye's motion for new trial. The trial court's August 28, 2014, order is 
therefore affirmed.

¶14 AFFIRMED.

FISCHER, P.J., and WISEMAN, J., concur.

FOOTNOTES

[1] On 
August 24, 2009, Drye purportedly slipped and fell at a Target store in Norman, 
Oklahoma. Drye filed a petition against Target on August 23, 2011, in the 
District Court of Cleveland County, CJ-2011-1319. Target removed the case to the 
United States District Court for the Western District of Oklahoma. After Drye 
failed to respond to discovery requests, Target filed a motion to compel, which 
the federal district court granted. Drye failed to comply with the order and 
Target moved to dismiss. Drye failed to respond and by order entered on April 
26, 2013, the federal district court dismissed Drye's case without prejudice. 
However, the district court conditioned re-filing on the payment of fees and 
costs. Target filed the federal court's order and judgment in the District Court 
of Cleveland County pursuant to the Uniform Enforcement of Foreign Judgments 
Act, 12 O.S.2011, § 719 et 
seq. See No. CY-2014-556. This Court is not addressing whether this 
condition applies to this Court.

[2] Prior 
to filing her application for additional time to serve summons, Drye filed 
another petition against Target on April 14, 2014, in CJ-2014-439, in which 
summons was timely served.

[3] "A 
'motion to reconsider' does not technically exist within the statutory 
nomenclature of Oklahoma practice and procedure." Smith v. City of 
Stillwater, 2014 OK 42, ¶ 
10, 328 P.3d 1192, 1196-97 
(citing Pierson v. Canupp, 1988 OK 47, ¶ 3 fn. 1, 754 P.2d 548, 550 fn. 1; Sellers 
v. Oklahoma Pub. Co., 1984 OK 
11, ¶ 11, 687 P.2d 116, 
118).

[4] Target 
also contends Drye's claim that the Court Clerk's Office misspelled her name 
lacks merit, noting Drye apparently filed the petition with the misspelling of 
her first name. Drye's petition provides "Kathi Drye" instead of "Kathy 
Drye."





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2012 OK CIV APP 45, 277 P.3d 1285, COLCLAZIER & ASSOCIATES v. STEPHENS
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 47, 754 P.2d 548, 59 OBJ 1228, Pierson v. Canupp
Discussed
 2003 OK 12, 67 P.3d 333, HUMPHRIES v. LEWIS
Discussed at Length
 2004 OK 20, 90 P.3d 1000, IN THE MATTER OF THE ESTATE OF HUGHES
Discussed
 2005 OK 77, 124 P.3d 227, PHILLIPS v. HEDGES
Discussed
 2007 OK 2, 154 P.3d 1250, ROBINSON v. OKLAHOMA NEPHROLOGY ASSOCIATES, INC.
Discussed
 2008 OK 87, 194 P.3d 1285, WILLIS v. SEQUOYAH HOUSE, INC.
Discussed
 2012 OK 2, 270 P.3d 155, WILSON v. STATE ex rel. STATE ELECTION BOARD
Discussed
 2014 OK 42, 328 P.3d 1192, SMITH v. CITY OF STILLWATER
Discussed
 1998 OK 44, 959 P.2d 979, 69 OBJ 2025, TULSA COUNTY DEPUTY SHERIFF'S F.O.P. v. BOARD OF COUNTY COMMISSIONERS
Cited
 1984 OK 11, 687 P.2d 116, Sellers v. Oklahoma Pub. Co.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 696.4, Provision for Costs, Attorney Fees, and Interest
Cited
 12 O.S. 719, Short Title
Cited
 12 O.S. 2004, 12 O.S. 2004, Process
Discussed
 12 O.S. 2006, Time
Cited