WINCHESTER, J., dissenting:
*1206 ¶1 As noted by the majority opinion, the Oklahoma Constitution provides the Corporation Commission with broad authority to regulate and oversee public utilities. Okla. Const. art. 9, § 18. See also 17 O.S.2011, § 152 ("The Commission shall have general supervision over all public utilities ..."). Nevertheless, today's majority opinion dials back this authority and effectively reduces the Commission's general supervision.
¶2 The majority opinion misinterprets § 286(B) as providing the only authority for pre-approval of a capital expenditure to comply with an environmental regulation. Yet, the plain text of § 286(B) indicates that it is not mandatory for a public utility to utilize this statute when purchasing equipment to meet environmental requirements. The statute specifically gives a utility the option of applying for early cost recovery by providing: "An electric utility ... may file an application seeking Commission authorization of a plan by the utility to make capital expenditures for equipment or facilities necessary to comply" with certain environmental requirements. 17 O.S.2011, § 286(B) (emphasis added).
¶3 Here, OG&E did not seek, nor did the Commission approve, any rate increase or cost recovery from rate payers. OG&E formulated its own plan to install the scrubbers and voluntarily submitted the plan to the Commission for a reasonableness determination. The Commission specifically indicated that its finding of reasonableness would "not result in an automatic right to recover costs or a determination of used and useful." There is no conflict between the Commission's actions under its general authority and a § 286(B) pre-approval of costs. The canon of statutory construction which requires a specific statute to control over a general statute only applies if the two statutes conflict with one another and that is not the case herein. Humphries v. Lewis, 2003 OK 12, n.4, 67 P.3d 333 ; Rogers v. Quiktrip, 2010 OK 3, ¶ 13, 230 P.3d 853. Accordingly, I respectfully dissent.