2002 OK 52

**In the Matter of the Appeal of the CITY OF DURANT, a municipal corporation.**

**City of Durant, Plaintiff/Appellant,**

v.

**Chris Cicio, Defendant/Appellee.**

**No. 94,498.**

Supreme Court of Oklahoma.

June 18, 2002.

P.L. Pat Phelps, City Attorney, Durant, OK, for Appellant.

James Patrick Hunt, James R. Moore & Associates, Oklahoma City, OK, for Appellee.

SUMMERS, J.

¶1 A statute, 11 O.S.1991 § 50–123, provides that no member of the Oklahoma Police Pension and Retirement System may be discharged "except for cause", and establishes a municipal board of review to hear "appeals concerning the discharge of members." The question is whether that statute was properly applied to review the discharge of Chris Cicio, the defendant/appellee, from his employment as a policeman with the City of Durant. We hold that it was. We vacate the opinion of the Court of Civil Appeals and affirm the judgment of the District Court.

¶2 We previously granted certiorari to Officer Cicio's petition to consider issues regarding the construction of § 50–123, in particular its reach, and to determine whether its provisions conflict with those of 11 O.S.1991, § 10–113 and 11 O.S.1991, § 10–120, which provide that a city manager has the discretionary authority to appoint city

employees and, when necessary, to fire them "for the good of the service." The matter presents a question of law concerning the interpretation and application of statutes and is before us for *de novo* review.

¶3 Section 50–123 appears in Title 11, Article L. Police Pension and Retirement System, Part 1, Municipal Police Pension and Retirement System, and provides in pertinent part as follows:

A. The governing body of every participating municipality, except municipalities which have provided for a civil service board of review or merit board, or have negotiated a contract covering discharge with their members to hear such appeals, shall establish a board of review to hear appeals concerning the discharge of members. The board of review shall consist of the mayor, ex officio, who shall be a voting member, and four members to be appointed by the governing body of the participating municipality, as follows: 1. Two police officers retired or active from the police department of the municipality; and 2. One attorney and one licensed physician residing in the municipality. . . .

B. **No member may be discharged except for cause. Any member who is discharged may appeal to the board of review herein provided.** Appeals from decisions of said board of review may be taken in the manner provided for in this article, provided the provisions of this section relating to the board of review and discharge shall not apply to any municipality which has heretofore or hereinafter established by its charter civil service or merit system pertaining to the appointment and discharge of members and an independent board or commission having authority to hear actions involving the discharge of members. (emphasis added)

¶4 The pertinent portion of 11 O.S.1991 10–113 provides:

"**The city manager** shall be the chief executive officer and head of the administrative branch of the city government. He shall execute the laws and administer the government of the city, and shall be responsible therefor to the council. He **shall:**

1. Appoint, and **when necessary for the good of the service, remove,** demote, lay off or suspend all heads of administrative departments and other administrative officers and **employees of the city except as otherwise provided by law.** The manager or the council by ordinance may authorize the head of a department, office or agency to appoint and remove the subordinates in such department, office or agency;" (emphasis added)

¶5 Title 11 § 50–120 provides:

Appointments and promotions in the service of a statutory council-manager city shall be made solely on the basis of merit and fitness; and removals, demotions, suspensions, and layoffs shall be made **solely for the good of the service.** The council by ordinance may establish a merit system and provide for its organization and functioning, and provide for personnel administration and regulation of personnel matters. (emphasis added)

¶6 The facts are not in dispute. Officer Cicio was employed as a police officer by the City of Durant, and in 1998 he was fired from that position by the city manager for "the good of the service." He was a participant in the police pension system. Relying on the provisions of § 50–123, Cicio demanded the City convene a "board of review" to hear an appeal of his discharge, which he asserted was expressly required to determine whether he was fired "for cause."

¶7 The City at first refused to grant his request because it did not agree that the statute could be interpreted to apply to issues beyond an officer's pension and retirement benefits. Later, Officer Cicio did assert that the termination had resulted in the loss of his ability to participate in the state police pension program. Ultimately the City of Durant empaneled a board of review, and although the City contended the scope of the board's authority to review was limited to pension issues, the board nonetheless undertook consideration of the merits of the city manager's decision to discharge Officer Cicio, and directed that he be reinstated to employment with the police force.

¶8 The City of Durant then brought this declaratory judgment action in the trial court

seeking to establish the parties' rights under § 50–123, and a declaration that the city was not required to follow the procedures set forth therein to review decisions to discharge a police officer. Durant titled its action "Declaratory Judgment and Appeal from Board of Review" but did not pursue an appeal of issues concerning the correctness of the decision which the Board reached as to Cicio's dismissal. The City contended it challenged only the interpretation and application of § 10–123 regarding the power of the Board to review employment decisions which were made by the city manager pursuant to statutory authority set forth in § 10–113 and § 10–120.

¶ 9 The trial court ruled against the City. It agreed with Officer Cicio, found that § 50–123 did apply to this case, and imposed an obligation on the City to provide a "for cause" review of the discharge of a police officer who is a participant in the pension and retirement system. The trial court denied City's prayer for relief and refused to overturn the Board's ruling in favor of Cicio's reinstatement to the police force.

¶ 10 The City of Durant appealed the trial court's order, asserting that § 10–113 and § 10–120 vest the city manager with the absolute discretion to hire and fire all "at-will" municipal employees, which, City argues, includes a police officer such as Officer Cicio. It contends that § 50–123 imposes no obligation on the City to provide review of that termination decision. Relying primarily on *Rains v. City of Stillwater*, 1991 OK CIV APP 87, 817 P.2d 753, the City contends that the scope of a review hearing held pursuant to § 50–123 is limited to issues involving the pension rights of a discharged police officer, and is not applicable in this challenge to the statutory discretionary power of the city manager to terminate a police officer. The City also argues that questions involving a police officer's hearing on his discharge from employment are a matter of solely local municipal concern. The Court of Appeals reversed and found in favor of the City of Durant. We have granted the officer's petition for certiorari.

¶ 11 Officer Cicio argues that § 50–123 is applicable to this matter, and that the stat-

ute's provisions entitled him to a review by the Board of the decision to terminate his employment. That would be true, he submits, even if § 10–113 did not contain the "except as otherwise provided by law" caveat. He argues this is so because it is well settled that the specific statute will control where a general statute and a specific statute conflict with other. *Duncan v. Nichols Hills*, 1996 OK 16, 913 P.2d 1303. We agree with Officer Cicio.

¶ 12 Section 50–123 is **specifically** directed at the members of the police pension and retirement system, prohibiting their discharge "except for cause" and granting an appeal to a board of review, whereas § 10–113 applies **generally** to municipal administration, authorizing the city manager to exercise discretion in appointing and removing officers and employees, when necessary for the good of the service, except as otherwise provided by law. In *Hall v. O'Keefe*, 1980 OK 108, 617 P.2d 196, this Court held that § 10–113 and § 10–120, authorizing city managers to remove employees "for the good of the service" did not create a "cause" requirement and did not confer a property interest in continued employment requiring due process protection within the meaning of the Oklahoma Constitution.

¶ 13 The fundamental rule of statutory construction is to ascertain and give effect to the legislative intent, and that intent is first sought in the language of a statute. Courts will give the words of a statute a plain and ordinary meaning, unless a contrary intention plainly appears. When the language of a statute is plain and unambiguous, no occasion exists for application of rules of construction, and the statute will be accorded meaning as expressed by the language employed. *Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City*, 1995 OK 62, 901 P.2d 800, 803; *City of Bethany v. Hill*, 1973 OK 49, 509 P.2d 1364.

¶ 14 Section 50–123 is not ambiguous, and it is clearly intended to protect policemen who are members of the state pension and retirement system from arbitrary discharge from employment. Contrary to the City's assertions that these members are at-will

employees, the statute restricts the reason for their discharge to "for cause" and ensures that all members will have a right to appeal the discharge from employment. This accords members a legitimate expectation of continued employment until "cause" for discharge is shown. The statute requires that unless an appeal process is already in place in a municipality (by means of a civil service or merit board or a negotiated contract covering discharge of their members to hear appeal), the municipality must appoint a board of review to hear appeals from a discharge from employment. § 50–123(B).

¶ 15 The City of Durant relies on the reasoning and holding of *Rains v. City of Stillwater*, 1991 OK CIV APP 87, 817 P.2d 753, where the Court of Civil Appeals rejected a discharged police officer's reliance on § 50–123 and the city's personnel manual to establish a protected property interest in continued employment. The officer brought a civil rights arising from his termination, asserting it wrongfully occurred without "just cause." The court, however, held the city's charter provisions allowing the city manager to fire employees "for the good of the service" took precedence over the statute, and therefore the "for cause" provision of § 50–123 created a property interest only in the pension and retirement benefits granted by state law, and not in continued employment with the city. In that determination, the *Rains* court relied on *Goodwin v. Oklahoma City*, 1947 OK 200, 182 P.2d 762, 764, which held that city charter provisions relating to the removal or discharge of officers or employees were "solely matters of municipal concern and control over general laws," and were therefore within the general rule that a city charter becomes the organic law of the city, superseding the general laws relating to municipalities in matters of purely municipal concern.

¶ 16 We are not persuaded by Durant's arguments. First, we note that its reliance on *Rains* and the "home rule" line of argument is not well taken, since Durant concedes that it is not a charter city, but rather is a statutory council-manager city. See, 11 O.S.1991, § 10–101. Also unconvincing is Durant's contention that we should uphold its

position even though it is not a charter city because the "good of the service"provision of § 10–113 is identical to the terms of the city charters placed at issue in *Goodwin* and *Rains*. The City contends that the absence of a charter should not be controlling, because issues regarding the prerogative of the city manager to act in accord with his statutory authority are no less important local concerns in cities relying on § 10–113 exclusively, than they are in cities relying on charters.

¶ 17 The protection of employment rights of policemen is not an issue of merely local municipal concern, however, and § 10–113 is not controlling here. By its own terms § 10–113 expressly provides that the discretionary power of a city manager to lay off employees "when necessary for the good of the service" is limited to situations which are not "otherwise provided by law," and we find that the law controlling the issues presented here regarding Officer Cicio's termination is "otherwise provided" by § 50–123. We agree with Officer Cicio's argument that the home rule supremacy analysis on which *Goodwin* and *Rains* are based is no longer good law, as this Court has since determined that police and fire protection is unquestionably a matter of statewide interest.

¶ 18 In *Tulsa v. Public Employees Relations Board*, 1990 OK 114, 845 P.2d 872, we held the issue of whether a chartered home rule city was obligated to bargain in good faith as required by the Fire and Police Arbitration Act regarding municipal employees' wage provisions contained in an expired collective bargaining agreement was not a matter of purely municipal concern. We rejected the city's position that it had the right to make and implement all decisions regarding its employees, and found that since a wider public interest was at stake in the issues of police and fire bargaining and as to the rights provided to employees, the home rule doctrine was inapplicable.

¶ 19 Issues concerning the constitutionality of the provision of the Fire and Police Arbitration Act for binding interest arbitration in light of the home rule doctrine were before us in *Fraternal Order of Police, Lodge No. 165 v. City of Choctaw*, 1996 OK 78, 933 P.2d

261, 267, where we again held that the home rule doctrine is not applicable to such issues where wider public interests are involved. The Court stated: "Since police and fire protection is a matter of statewide concern, the legislature has the power to enact laws ... to insure continuity of protection and resolution of disputes regarding the actual rendering of those services by officers and firefighters." The Court also noted that an issue which has traditionally been a matter of local government may be lifted by the magnitude of statewide concern to a state police power regulation and thereby exempted from further municipal control. See 70 O.S.2001 §§ 3311, et seq.

¶ 20 In keeping with these decisions, in *Bethany v. Public Employees Relations Board,* 1995 OK 99, 904 P.2d 604, this Court rejected the city's assertion that pursuant to its charter it would have the exclusive right to resolve disputes regarding discipline and discharge of employees, stating that any such conflict between a charter and a state statute regarding arbitration of grievances would be "governed by the state statute which took precedence over the city charter". Id. at 607, n. 4.

¶ 21 The statewide interest in the protection of the employment rights of member policemen from arbitrary discharge is reflected in the provisions of § 50–123, which prohibit discharge "except for cause" and assure all members of the System a right to appeal their discharge. A plain reading of the statute shows that this protection to members is not just a matter of local concern, since all members, even those such as Officer Cicio who are not covered by an existing civil service or merit system or a negotiated contract, are entitled to a review of their discharge. All aspects of the administration and operation of the statewide Oklahoma Police Pension and Retirement System, set forth in 11 O.S.1991, sections 50–101, et seq., which includes all predecessor municipal Police Pension and Retirement Systems, are matters of substantial interest to the state, and the System is not subject to the control of the individual participating municipalities.

¶ 22 Title 11 O.S.1991, § 50–102.1 creates the Oklahoma Police Pension and Retirement System, and provides that it "shall be a body corporate and an instrumentality of this state ... [which] shall be vested with the powers and duties specified in this act and such other powers as may be necessary to enable it and its officers and employees to carry out fully and effectively the purposes and intent of this article. This System shall be the responsibility of the state and not that of the participating municipalities."

¶ 23 We hold that section 50–123 protects a member's right to continue in his employment in the absence of a showing of cause, and the board of review has the authority to pass on the merits of the discharge decision. Today's ruling finds support in *Ruddell v. City of Jenks,* 1976 OK 166, 556 P.2d 999, 1003, where we affirmed the trial court's issuance of a Writ of Mandamus requiring the City to establish a Board of Review to review the discharge of the Police Chief where his pension and retirement rights were involved. To the extent that *Rains* states the "for cause" provision creates an interest only in a member's pension and retirement benefits, and not in the continued employment itself, it is overruled.

¶ 24 The trial court correctly found that 11 O.S.1991, § 50–123 applies to this case. THE OPINION OF THE COURT OF APPEALS IS VACATED, AND THE JUDGMENT OF THE TRIAL COURT IS AFFIRMED.

¶ 25 HARGRAVE, C.J., LAVENDER, OPALA, KAUGER, BOUDREAU, JJ., concur.

¶ 26 WATT, V.C.J., concurs in result.

¶ 27 WINCHESTER, J., dissents.