Dear District Attorney, Mark Campbell,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 May a person who has been convicted of certain sex offenses against children attend mandatory counseling as a requirement of probation or parole, if when attending counseling the person is located within the 300-foot" zone of safety" contemplated by the provisions of 21 O.S. Supp. 2003, § 1125[21-1125]?
 Statutory Zone of Safety
¶ 1 Section 1125 of Title 21 of the Oklahoma Statutes became effective on May 12, 2003, and reads as follows:
 A. A zone of safety is hereby created around elementary and junior high schools, licensed child care facilities, and playgrounds. A person is prohibited from being within three hundred (300) feet of any elementary or junior high school, licensed child care facility, or playground if the person has been convicted of lewd molestation, rape or sodomy in this state or any similar offense of another state or the United States and the victim was a child under the age of thirteen (13) years.
 B. A person convicted of a first offense of this section shall be guilty of a misdemeanor punishable by a fine not exceeding Two Thousand Five Hundred Dollars ($2,500.00). A person convicted of a second or subsequent offense of this section shall be guilty of a felony. This proscription of conduct shall not modify or remove any restrictions currently applicable to the person by court order, conditions of probation or as provided by other provision of law.
 C. 1. A person shall be exempt from the prohibition of this section regarding a school or a licensed child care facility only under the following circumstances:
 a. the person is the custodial parent or legal guardian of a child who is an enrolled student at the school or child care facility, and
 b. the person is enrolling, delivering or retrieving such child at the school or child care facility during regular school or facility hours or for school-sanctioned or child care facility-sanctioned extracurricular activities.
 2. This exception shall not be construed to modify or remove any restrictions applicable to the person by court order, conditions of probation, or as provided by other provision of law.
 D. For purpose of prosecution of any violation of this section, the provisions of Section 51.1 of Title 21 of the Oklahoma Statutes shall not apply.
Id.
¶ 2 As the statute makes clear, the prohibition is against the physical location of the person. Accordingly, this Opinion will focus its analysis on the location of the person and not on the location of the counseling facility.[1] Your request focuses specifically on the provision of the new law which reads in pertinent part:
 B. This proscription of conduct shall not modify or remove any restrictions currently applicable to the person by court order, conditions of probation or as provided by other provision of law.
21 O.S. Supp. 2003, § 1125[21-1125].
 Background
¶ 3 In effect, you ask whether the above sentence allows a person, otherwise subject to Section 1125's proscription of conduct, to attend counseling mandated by a court order as a condition of probation or parole, if such attendance results in the person being located within the zone of safety. Such an issue could only arise if the court ordered counseling to occur at a specific location, and the person's compliance with the order unavoidably placed the person within the zone of safety. If the order contained no such specific requirement, there would be no conflict between the court order and the statute's proscription of conduct compelling any modification or removal of restrictions applicable by court order. Therefore, to answer your inquiry it must be determined whether a court's directive to attend counseling within a zone of safety established by the statute is a "restriction" which cannot be modified or removed. Accordingly, we focus on the meaning of the word "restrictions" as it is used in the statute.
 Analysis
¶ 4 Under Oklahoma law, the meaning and intent of a statute is "first sought in the language of a statute." See In re City ofDurant, 50 P.3d 218, 221 (Okla. 2002). Furthermore, the words of a statute must be given their "plain and ordinary meaning, unless a contrary intention plainly appears." Id.; 25 O.S.2001, § 1[25-1]. The Legislature may always exercise its prerogative to define words or phrases appearing in the legislative enactments. City of Tulsa v. State ex rel. Pub. EmployeesRelations Bd., 967 P.2d 1214, 1220 (Okla. 1998). The term "restrictions" is not defined in either the general definition provisions of the Oklahoma Statutes, the general provisions of the Oklahoma penal code or in the provisions of Chapter 45 of the penal code pertaining to sex offenses against children and in which Section 1125 is codified. See 25 O.S. 2001, §§ 1-36[25-1-36];21 O.S. 2001 Supp. 2003, §§ 1-9; 1111-1125. Neither is the term defined anywhere in the statutes dealing with pardon and paroles in the Department of Corrections procedures. See 57O.S. 2001 Supp. 2003, §§ 331-360.
¶ 5 Accordingly, we must look to the plain and ordinary meaning of the term. Webster's New International Dictionary defines restrictions as follows: "something that restricts" and "a regulation that restricts or restrains." Id. at 1937 (3d ed. 1993). Restrict is defined as follows: "to set bounds or limits to: hold within bounds: as a: to check free activity, motion, progress, or departure." Id. Restrain is defined as to "prevent from doing something." Id. at 1936. Therefore, as used in Section 1125, "restrictions" is meant to describe those conditions of parole or probation which are intended to restrain or prevent certain conduct of the person subject thereto.
 Conclusion
¶ 6 Given the above definitions, a court's directive to attend counseling within a zone of safety established by the statute would not be a restriction, as it commands an affirmative act rather than preventing or restraining a certain type of action.[2] Accordingly, such a court directive would not be considered a restriction within the meaning of Section 1125, and would be subject to modification or removal. Therefore, any person so directed by a court could not attend counseling if it placed the person within the zone of safety without violating the statute.
 ¶ 7 It is, therefore, the official Opinion of the Attorney General that:
 A person who is subject to the provisions of 21 O.S. Supp. 2003, § 1125, may not attend mandatory counseling as a requirement of probation or parole if such attendance results in the person being within the 300-foot "zone of safety" contemplated by the statute. Nothing in this Opinion relieves said person of the requirement to attend mandatory counseling.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 RICHARD D. OLDERBAK Assistant Attorney General
[1] This Opinion does not attempt to address the proper method of measurement to establish the actual boundaries of the statute's zone of safety. The method by which the 300-foot perimeter is established is a question of fact. See 74 O.S. 18b(A)(5).
[2] An example of a restriction contemplated by the statute would be a court directive that a person is not to go within "500" feet of a elementary school, middle school or licensed daycare center.