Dear Executive Director Williams,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Are government entities, including state agencies, countygovernments, city governments, and schools, required to abide bythe provisions of the State Architectural Act, 59 O.S. 2001 Supp. 2004, §§ 46.1-46.37?
¶ 1 You ask whether government entities are required to abide by the State Architectural Act ("Act"), 59 O.S. 2001 Supp.2004, §§ 46.1-46.37. The purpose of the Act is found in 59 O.S. 2001, § 46.2[59-46.2]. "In order to safeguard life, health and property and to promote the public welfare, the professions of architecture or landscape architecture are declared to be subject to regulation in the public interest. It is unlawful for any person to practice or offer to practice architecture or landscape architecture in this state, . . . unless the person is duly licensed or exempt from licensure under The State Architectural Act." Id. Therefore, the Act exists to protect the public.
¶ 2 According to the Act, it is "unlawful for any person other than an architect duly licensed as provided in The State Architectural Act to engage in the planning, designing and preparation of drawings and specifications for the alteration or construction of any building to be used as an armory, auditorium, assembly hall, convention hall, church, educational building,[1] convent, dormitory, gymnasium, hospital, library, bonded warehouse, passenger station, power house, municipal building, county building, state building, federal building, radio or television station, stadium or theater where the reasonably estimated total cost for construction, remodeling or repairing of such building exceeds the sum of Forty Thousand Dollars ($40,000.00)." Id. § 46.3(E) (footnote added). A building is defined under the Act as a "structure consisting of a foundation, walls, roof, with or without other parts."[2]Id.
¶ 3 An architect is required to be licensed when engaging in the practice of architecture. Id. § 46.2. The Act defines the "practice of architecture" as:
 [R]endering or offering to render certain services, in connection with the design and construction, enlargement or alteration of a building or a group of buildings and the space surrounding such buildings, including buildings which have as their principal purpose human occupancy or habitation; the services referred to include planning, providing preliminary studies, designs, drawings, specifications and other technical submissions, the administration of construction contracts, and the coordination of any elements of technical submissions prepared by others including, as appropriate and without limitation, consulting engineers and landscape architects; provided, that the practice of architecture shall include such other professional services as may be necessary for the rendering of or offering to render architectural services.
Id. § 46.3(B).
¶ 4 Having examined when a licensed architect is required under the Act, it is appropriate to discuss what the Act requires of government entities who endeavor to construct or remodel a building as defined in the Act. In the definition of "building," the Act states that it is "unlawful for any person other than an architect duly licensed as provided in The State Architectural Act to engage in the planning, designing and preparation of drawings and specifications for the alteration or construction" of certain types of buildings, including schools, municipal buildings, county buildings, state buildings and federal buildings where the total cost of construction, remodeling, or repairing exceeds forty thousand dollars. Id. § 46.3(E).
¶ 5 The Act further declares it unlawful to "aid or abet any person, not registered or licensed under the provisions of this act, in the practice of architecture." Id. § 46.8a(A) (footnote omitted). The phrase "aiding and abetting" is not defined in the Oklahoma Statutes. The Oklahoma Uniform Jury Instructions ("OUJI"), however, explain what aiding and abetting means. In OUJI-CR 2-6, it says that "[t]o aid or abet another in the commission of a crime implies a consciousness of guilt in instigating, encouraging, promoting, or aiding in the commission of that criminal offense." Id. An accompanying jury instruction explains that the intent required for aiding and abetting is a "[d]esign to commit a crime or to commit acts the probable consequences of which are criminal." OUJI-CR 2-9. According to21 O.S. 2001, § 172[21-172], every person concerned in the commission of a crime, regardless of whether he or she directly commits the crime or aids and abets in its commission, though not present, is to be treated as a principal. Therefore, it is unlawful for a government entity to knowingly employ a person or entity, not licensed and not exempt from licensure under the Act, to engage in the practice of architecture when a license is required by the Act.
¶ 6 The Act also requires that persons or entities engaging in the practice of landscape architecture be licensed under certain situations. 59 O.S. 2001, § 46.2[59-46.2]. The Act defines "landscape architecture" as:
 [T]he performance of professional services defined as teaching, consultations, investigations, reconnaissance, research, planning, design, preparation of construction drawings and specifications, and construction observation in connection with the planning and arranging of land and the elements thereon for public and private use and enjoyment, including the design and layout of roadways, service areas, parking areas, walkways, steps, ramps, pools, the location and siting of improvements including buildings and other structures, and the grading of the land, surface and subsoil drainage, erosion control, planting, reforestation, and the preservation of the natural landscape, in accordance with accepted professional standards, and to the extent that the dominant purpose of such services or creative works is the preservation, conservation, enhancement, or determination of proper land uses, natural land features, ground cover and plantings, or naturalistic and aesthetic values.
 The practice of landscape architecture shall include the location and arrangement of tangible objects and features as are incidental and necessary to the purpose outlined for landscape architecture. The practice of landscape architecture shall not include the design of structures or facilities with separate and self-contained purposes for habitation or industry, or the design of public streets, highways, utilities, storm and sanitary sewers and sewage treatment facilities, that are statutorily defined as the practice of engineering or architecture.
Id. § 46.3(K).
¶ 7 The Act provides further explanation of the definition of landscape architecture by listing which practitioners are not required to register under the Act, and therefore, are not considered to be landscape architects. Id. § 46.28(1)-(9). In pertinent part, they include the following:
 1. A professional civil engineer . . . certified to practice . . . under any act to regulate the practice of [civil engineering] . . .;
 2. A landscape contractor building or installing what was designed by a landscape architect;
 3. An agriculturalist, horticulturalist, forester as defined in Section 1202 of this title, nursery operator, gardener, landscape gardener, garden or lawn caretaker and grader or cultivator of land involved in the selection, placement, planting and maintenance of plant material;
 4. Persons who act under the supervision of a registered landscape architect or an employee of a person lawfully engaged in the practice of landscape architecture and who, in either event, does not assume responsible charge of design or supervision;
 5. Regional planners or urban planners who evaluate and develop land-use plans to provide for community and municipal projections of growth patterns based on demographic needs;
 6. A landscape designer or contractor whose business is to consult and prepare plans and specifications with respect to choosing types of plants and planning the location thereof and the design of landscapes for those projects or whose work is limited to projects for a single-family residential home. Landscape design or installation work may also be performed by an owner or occupant on the single-family residence of the owner or occupant;
 7. Persons other than landscape architects who prepare details and shop drawings for use in connection with the execution of their work;
 8. Builders or their superintendents in the supervision of landscape architectural projects[.]
Id. § 46.28. These practitioners are not required to register under the Act unless they desire to use the title "landscape architect" or hold themselves out as practicing landscape architecture. Id. § 46.28(9).
¶ 8 Under the Oklahoma Administrative Rules, promulgated by the Board of Governors of the Licensed Architects and Landscape Architects of Oklahoma pursuant to the Act, it is unlawful to aid and abet the unlicensed practice of landscape architecture. OAC55:10-15-2(14). Applying the same analysis of aiding and abetting used for the architecture analysis above, it is unlawful for a government agency to knowingly employ an unlicensed landscape architect for a project that requires a licensed landscape architect under the Act.
¶ 9 "The fundamental rule of statutory construction is to ascertain and give effect to the legislative intent, and that intent is first sought in the language of the statute." City ofDurant v. Cicio, 50 P.3d 218, 221 (Okla. 2002). As previously mentioned, the stated purpose of the Act is to "safeguard life, health and property and to promote the public welfare." 59 O.S.2001, § 46.2[59-46.2]. The Act then, does not exist for the purpose of protecting licensed architects or licensed landscape architects; rather, it exists to protect the public. Therefore, the Act must apply equally to all buildings and services specified in the Act, without regard to whether the person or entity engaging, or aiding and abetting in the prohibited acts is a state agency, a political subdivision, or a private company.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Absent a statutory provision to the contrary, all government entities are required to abide by the provisions of The State Architectural Act, 59 O.S. 2001 Supp. 2004, §§ 46.1-46.37, and utilize a licensed architect and licensed landscape architect when required under the Act.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 KATHRYN L. WALKER Assistant Attorney General
[1] "Educational buildings" are defined as "all buildings used for the gathering of groups of 6 or more persons for purposes of instruction." OAC 55:10-1-3. This includes:
(A) Academies
(B) Child day-care facilities
(C) Colleges and universities
(D) Kindergartens
(E) Nursery schools
(F) Schools.
Id.
[2] The Act does not apply to "any building, or to the repairing or remodeling of any building, to be used for one-family residential purposes, duplexes, or apartment houses not exceeding two stories in height, to any warehouse, maintenance building, garage or storage building not exceeding two stories in heightor to a hotel, lodge, or fraternal building not exceeding two stories in height, or to any farm improvements, or industrial or commercial buildings not exceeding two stories in height, nor to any school building where the reasonably estimated total cost for construction, where structural changes are being made in remodeling or repairing of such school building does not exceed the sum of Forty Thousand Dollars ($40,000.00). A basement is not to be counted as a story for the purposes of counting stories of a building for height regulations." Id. § 46.3(E).