Dear Honorable Corn,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. May consumers who have legally purchased a whole bottle of wine on the premises of a winery in Oklahoma open and consume that bottle on the premises of the winery?
 2. Section 521(C) of Title 37 allows wineries in Oklahoma to serve samples of wine to visitors on the licensed premises but does not define "sample." May a whole bottle of wine purchased on the premises be opened and served as a sample?
 The Winemaker License
¶ 1 Your questions require an analysis of the provisions of law governing the sale and consumption of wine at a winery in Oklahoma.
¶ 2 The general authority for winemakers to "sell wine produced at the winery to consumers on the premises of the winery" is found in the Oklahoma Constitution. Okla. Const. art. XXVIII, § 3. Article XXVIII, Section 3 also empowers the Legislature to enact laws providing for the "strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverages, consistent with the provisions of this Amendment." Id. The Oklahoma Constitution further provides that "retail sales of alcoholic beverages shall be limited to the original sealed package, by privately owned and operated package stores, in cities and towns having a population in excess of two hundred (200) persons or by wineries; provided that wineries shall be able to sell only wine which has been produced on the winery premises." Okla. Const. art. XXVIII, § 4.[1]
¶ 3 Pursuant to the authority granted by Article XXVIII, Section 3, the Legislature by statute further defined the authority of a winemaker in Oklahoma. Specifically, the Legislature enumerated the authorized activities of the holder of a winemaker's license in Oklahoma.
 C. A winemaker license shall authorize the holder thereof: To manufacture (including such mixing, blending and cellar treatment as authorized by federal law), bottle, package, and store on licensed premises wine containing not more than twenty-four percent (24%) alcohol by volume, provided the bottle or package sizes authorized shall be limited to the capacities approved by the United States Bureau of Alcohol, Tobacco and Firearms; to sell wine in this state to licensed wholesalers and manufacturers, provided, an Oklahoma winemaker may sell and ship wine produced at a winery in this state directly to retail package stores and restaurants in this state; to sell bottles of wine produced at the winery from grapes and other fruits and berries grown in this state, if available, to consumers on the premises of the winery; to serve visitors on the licensed premises samples of wine produced on the premises; to serve samples of wine produced at the winery at festivals and trade shows; to sell wine produced at the winery, in original sealed containers, at festivals and trade shows; to sell wine out of this state to qualified persons; to purchase from licensed winemakers, distillers and rectifiers in this state, and to import into this state wine, brandy and fruit spirits for use in manufacturing in accordance with federal laws and regulations.
37 O.S.Supp. 2007, § 521[37-521](C) (emphasis added). With regard to the specific subject matter of your questions, two of the enumerated authorized activities are of particular relevance: 1) the authority to sell bottles of wine to consumers on the premises and 2) the authority to serve samples to visitors.
 Bottles of Wine
¶ 4 With regard to your first question we look to the meaning of the phrase which gives the holder of a winemaker license the authority "to sell bottles of wine . . ., to consumers on the premises of the winery."Id. "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to, the Legislature's intention and purpose as expressed in a statute." See Strong v. Laubach, 89 P.3d 1066, 1070
(Okla. 2004). In addition, "[w]hen considering the construction to be given a statute, the primary consideration is to ascertain the legislative intent, and this must be determined from the language used. And, the general rule is that nothing may be read into a statute which was not within the manifest intention of the legislature as gathered from the language of the act." Stemmons, Inc. v. Universal C.I.T. CreditCorp., 301 P.2d 212, 216 (Okla. 1956). In subsection C of Section 521, the Legislature specifically enumerated eight distinct activities that are authorized for the holder of a winemaker license. Nowhere among these listed activities is found the authority to sell bottles of wine for on-premises consumption.
¶ 5 Another fundamental rule of statutory construction is that ofexpressio unius est exclusio alterius, or the mention of one thing in a statute impliedly excludes another thing not mentioned. See Patterson v.Beall, 19 P.3d 839, 845 (Okla. 2000). This is particularly true where the Legislature has mentioned the thing excluded in another related context. For example, in subsection H of Section 521, the Legislature expressly authorized the holder of a mixed beverage license to purchase wine in retail containers and sell it for on-premises consumption.[2]
Therefore, the fact that the Legislature gave express authority for on-premises consumption of wine sold by a mixed beverage license holder but withheld the same in connection with the sale of a bottle of wine at a winery, suggests against inferring such authority. Likewise, we do not infer from the mere use of the word "consumer" in subsection C, that the Legislature intended to allow the actual consumption of the bottle on the premises. The word consumer is not defined in the Alcoholic Beverage Control Act and while the plain and ordinary meaning of that term encompasses "one that consumes," it is also used to describe one who "utilizes economic goods" in contrast to producing them. Websters New International Dictionary 490 (3d ed. 1993).
¶ 6 That the express grant of authority to sell bottles of wine produced at the winery does not include the implied authority to open and consume them on the premises is also reinforced by certain express prohibitions in the Alcoholic Beverage Control Act. For example, no person shall "[d]rink intoxicating liquor in public except on the premises of a licensee of the Alcoholic Beverage Laws Enforcement [ABLE] Commission who is authorized to sell or serve alcoholic beverages by the individual drink." 37 O.S.Supp. 2007, § 537[37-537](A)(8) (emphasis added).[3] A winery that invites the public onto the premises is a public place. In addition, no licensee of the ABLE Commission shall permit any person "to exit the licensed premises with an open container of any alcoholic beverage." Id. § 537(B)(5).[4] Therefore, considering the express grant of authority by the Legislature and the applicable rules of statutory construction, a bottle of wine lawfully sold at a winery in Oklahoma may not be opened and consumed on the premises.
 Samples of Wine
¶ 7 With regard to your second question, you correctly note that the Legislature has chosen not to define what constitutes a "sample" of wine that may be served to visitors by a winemaker in Oklahoma.[5] The Legislature has, however, on one occasion modified the use of the term. Prior to March 15, 2005, Title 37, Section 521(C) allowed winemakers to serve "free samples" to visitors. See 2005 Okla. Sess. Laws ch. 1 § 40. The term "sample" also is not defined in the rules of the ABLE Commission or the constitutional provisions pertaining to winemakers.
¶ 8 In the absence of an express definition of the words used in a statute, the words must be given their plain and ordinary meaning. 25 O.S. 2001, § 1[25-1]; City of Durant v. Cicio, 50 P.3d 218, 221 (Okla. 2002). The ordinary meaning of the word sample when used as a noun is "a representative portion of a whole: a small segment or quantity taken as evidence of the quality or character of the entire group or lot." Webster's New International Dictionary 2008 (3d ed. 1993). Therefore, in the context of a sample of wine under Section 521(C), a sample is a portion of a whole bottle of wine, a small segment or quantity in proportion to the whole served as evidence of the quality or character of the variety of wine contained in the bottle. The exact amount of wine which constitutes a sample is a question of fact which cannot be answered by an official Attorney General Opinion. See 74 O.S. 2001, § 18b[74-18b](A)(5).
 The ABLE Commission
¶ 9 Finally, we note that the ABLE Commission is a constitutionally created body charged with the authority to enforce the alcoholic beverage laws of the State. Okla. Const. art. XXVIII, § 1. The Commission has the power and authority to promulgate rules and regulations to carry out the purposes of the Alcohol Beverage Control Act. See 37 O.S. 2001, §§ 514[37-514](2), 517. Therefore, it is within the power of the ABLE Commission to regulate, by rule, the exact size of a sample in the context of a winemaker license.
¶ 10 It is therefore, the official Opinion of the Attorney Generalthat:
 1. Section 521(C) of Title 37 does not permit a consumer who has legally purchased a whole bottle of wine at a winery in Oklahoma to open and consume the bottle on the premises of the winery.
 2. A whole bottle of wine legally sold on the premises of a winery in Oklahoma pursuant to 37 O.S.Supp. 2007, § 521(C), is not a sample of wine which may be opened and served to visitors on the premises.
W.A. DREW EDMONDSON Attorney General of Oklahoma
RICHARD D. OLDERBAK Assistant Attorney General
[1] For a discussion of what constitutes production of wine on the winery premises see Attorney General Opinion 05-24.
[2] Several other licenses, such as those for bottle clubs and caterers, also expressly allow for on-premises consumption. See id.
[3] The authority for a winemaker to "serve" samples on the premises of the winery is a separate enumerated activity from the selling of bottles and will be discussed in the analysis of your second question.
[4] Section 537(B)(5) has several exceptions such as for bottle clubs, but no exception for winemakers.
[5] In contrast, the Legislature has chosen to define the term sample in other specific contexts such as tobacco samples and pharmaceutical samples. See 37 O.S. 2001, § 600.2[37-600.2](3); 59 O.S.Supp. 2007, § 353.24[59-353.24](5). Also, by comparison, at least one other state, Idaho, has defined a sample of wine to be a serving of no more than 1.5 ounces. See Idaho Code Ann. § 23-1325C(3)(a) (Westlaw 2008).