¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. If a county has passed a lodging tax pursuant to 68 O.S.Supp. 2007,§ 1370.9, and a municipality in that county thereafter passes a lodgingtax, what effect does the subsequent municipal tax have on the county'sability to continue to collect the lodging tax on hotels and motelslocated within that municipality?
 2. Does the language of 68 O.S.Supp. 2007, § 1370.9(B), stating, "Anytax which may be levied by a county pursuant to the provisions of thissection shall be inapplicable to the furnishing of public lodging in thecorporate limits of any municipality in the county which has levied alodging tax" apply when a county passed its lodging tax prior to amunicipality in that county passing a lodging tax?
 3. If a county has previously passed a lodging tax of 5% and amunicipality in that county subsequently passes its own lodging tax of5%, does the lodging tax for hotels and motels in the municipality riseto 10%, with 5% going to the county and 5% going to the municipality, ordoes the municipal lodging tax prevent the county from collecting itslodging tax?
 4. Does the passing of a municipal lodging tax nullify a previouslyenacted county lodging tax in which the county has designated aparticular purpose for its tax revenues insofar as the county lodging taxapplies to hotels and motels in the municipality?
¶ 1 Your questions require analysis of 68 O.S.Supp. 2007, § 1370.9[68-1370.9], a section of the Oklahoma Sales Tax Code that specifically addresses lodging taxes. Section 1370.9 reads in pertinent part as follows:
 A. In addition to any other sales tax levied by a county pursuant to the provisions of Section 1350 et seq. of this title, any county of this state having a population of less than Two Hundred Thousand (200,000), according to the latest Federal Decennial Census, may levy a lodging tax, not to exceed five percent (5%), upon the gross proceeds or gross receipts derived from the service of furnishing of rooms by hotel, apartment hotel, or motel and for the furnishing of any other facility for public lodging, except campsites. Before such a tax may be levied by the county, the imposition of the tax shall first be approved by a majority of the registered voters of the county voting thereon at a special election called by the board of county commissioners or by initiative petition signed by not less than five percent (5%) of the registered voters of the county who were registered at the time of the last general election. However, if a majority of the registered voters of a county voting fail to approve such a tax, the board of county commissioners shall not call another special election for such purpose for six (6) months. Any tax levied or any change in the rate of a tax levied pursuant to the provisions of this section shall become effective on the first day of the calendar quarter following approval by the voters of the county unless another effective date, which shall also be on the first day of a calendar quarter, is specified in the ordinance or resolution levying the tax or changing the rate of tax.
 B. Any tax which may be levied by a county pursuant to the provisions of this section shall be inapplicable to the furnishing of public lodging in the corporate limits of any municipality in the county which has levied a lodging tax.
 C. Any tax which may be levied by a county pursuant to the provisions of this section shall be designated for a particular purpose. The proceeds of any tax levied by a county pursuant to the provisions of this section shall be deposited in the general revenue or a lodging tax revolving fund of the county pursuant to subsection E of this section.
 D. The tax may be limited or unlimited in duration. The county shall identify the duration of the tax when it is presented to the voters pursuant to the provisions of subsection A of this section.
Id. (emphasis added).
¶ 2 "When the language of a statute is plain and unambiguous, no occasion exists for application of rules of construction, and the statute will be accorded meaning as expressed by the language employed." In reCity of Durant v. Cicio, 50 P.3d 218, 220 (Okla. 2002). We can ascertain legislative intent in this case from the language of Section 1370.9(B). That language plainly and unambiguously provides that if a municipality "has levied" a lodging tax, "[a]ny tax which may be levied by a county" in the future for the same purpose will not apply within the municipality's corporate limits.
¶ 3 The situation contemplated in this subsection is that when a municipality has already adopted a lodging tax, any lodging tax that the county subsequently imposes will not apply to lodgings within the municipal limits. There is no indication in the statutory language, however, that the Legislature intended that a county's authority to tax lodgings be subject to, or restricted by, the later action of a municipality. Thus, if the county passed its lodging tax first, subsection 1370.9(B) does not restrict the county from continuing to impose and collect its lodging tax if a municipality in the county subsequently passes an ordinance for the same purpose.
¶ 4 Had the Legislature intended that an existing county lodging tax would no longer apply within a municipality that subsequently decided to impose a similar tax, it could easily have said so simply by using the present tense: "Any tax which may be levied by a county pursuant to the provisions of this section shall be inapplicable to the furnishing of public lodging in the corporate limits of any municipality in the county which levies a lodging tax." Id. § 1370.9(B). Instead, the Legislature used the past perfect tense to refer to any municipality "which has levied" such a tax. See id. We believe the Legislature's choice of the past perfect tense, when it could have used the present tense, was deliberate. See United States v. Wilson, 503 U.S. 329, 333 (1992) (stating that a legislative body's "use of a verb tense is significant in construing statutes"). Therefore, a county's lodging tax will not apply within a municipality only if the municipality has already enacted its own lodging tax.
¶ 5 We conclude that if a county has passed a lodging tax pursuant to68 O.S.Supp. 2007, § 1370.9[68-1370.9], and a municipality in that county thereafter passes a lodging tax, the subsequent municipal tax has no effect on the county's ability to continue to collect its lodging tax on hotels and motels located within that municipality. Therefore, if a municipality passes an ordinance imposing a 5% lodging tax within its corporate limits after a county has already imposed a 5% lodging tax throughout the county, lodging establishments within the municipal limits will pay the taxes imposed by both political subdivisions, or 10% (plus any tax that the State imposes for the same purpose).
¶ 6 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. If a county has passed a lodging tax pursuant to 68 O.S.Supp. 2007, § 1370.9, and a municipality in that county thereafter passes a lodging tax, the subsequent municipal tax has no effect on the county's ability to continue to collect the lodging tax on hotels and motels located within that municipality.
 2. The language of 68 O.S.Supp. 2007, § 1370.9(B), stating, "Any tax which may be levied by a county pursuant to the provisions of this section shall be inapplicable to the furnishing of public lodging in the corporate limits of any municipality in the county which has levied a lodging tax" does not apply when a county passed its lodging tax prior to a municipality in that county passing a lodging tax.
 3. If a county has previously passed a lodging tax of 5% and a municipality in that county subsequently passes its own lodging tax of 5%, the lodging tax for hotels and motels in the municipality rises to 10%, with 5% going to the county and 5% going to the municipality. The municipal lodging tax does not prevent the county from collecting its lodging tax.
 4. The passing of a municipal lodging tax does not nullify a previously enacted county lodging tax in which the county has designated a particular purpose for its tax revenues. The county lodging tax continues to apply to hotels and motels in the municipality. 68 O.S.Supp. 2007, § 1370.9[68-1370.9].
W.A. DREW EDMONDSON Attorney General of Oklahoma
DEBRA SCHWARTZ Assistant Attorney General