2009 OK CIV APP 46

**In re the Marriage of Kathleen RED-MOND, Petitioner/Appellee,**

v.

**Brett CAUTHEN, Respondent/Appellant.**

**No. 105,923.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 10, 2009.

Nicholle Jones Edwards, Robert K. Campbell, Mullins, Hirsch & Jones, P.C., Oklahoma City, OK, for Petitioner/Appellee.

Laura McConnell–Corbyn, Hartzog Conger Cason & Neville, Oklahoma City, OK, for Respondent/Appellant.

CAROL M. HANSEN, Presiding Judge.

¶ 1 In October 2000, Petitioner, Kathleen Redmond [Mother], and Respondent, Brett Cauthen [Father], were married. Mother filed for divorce in August 2006. At the time of trial their daughter was 3 years old and their son was two years old. The trial court awarded Mother temporary sole custody of Children, and awarded Father modified standard visitation. During the temporary order hearing, the trial court ordered both parties to submit to an anger assessment. Upon completion of an anger assessment, Father filed a motion to modify the temporary order. The trial court granted Father equal time with Children pursuant to 43 O.S.2001 § 110.1, while Mother remained the temporary sole custodian of Children.

¶ 2 At trial, Father requested joint custody and equal time with Children, and Mother sought sole custody. In the Decree of Dissolution of Marriage, among other things, the trial court awarded sole custody of Children to Mother and awarded Father modified standard visitation, every other weekend, and also every Wednesday evening from after school or work until 7:30 p.m. Additionally, the trial court found Father's student loans are his separate debt and that he "shall receive no offset against the marital assets." Father appeals.

¶ 3 In a divorce action the trial court is vested with discretion in awarding custody and visitation. *Daniel v. Daniel*, 2001 OK 117, 42 P.3d 863. The best interest of the child must be a paramount consideration of the trial court when determining custody and visitation. On issues regarding the best interest of the child, the standard of review is whether the decision of the trial court is against the clear weight of the evidence or an abuse of discretion. *Wood v. Redwine*, 2001 OK CIV APP 115, 33 P.3d 53.

¶ 4 Father contends the trial court abused its discretion in failing, pursuant to 43 O.S.2001 § 110.1 to provide him equal time with the parties' minor children. Section 110.1 provides:

It is the policy of this state to assure that minor children have frequent and continuing contact with parents who have shown the ability to act in the best interest of their children and to encourage parents to share in the rights and responsibilities of rearing their children after the parents have separated or dissolved their marriage. To effectuate this policy, if requested by a parent, the court shall provide substantially equal access to the minor children to both parents at a temporary order hearing, unless the court finds that such shared parenting would be detrimental to such child. The burden of proof that such shared parenting would be detrimental to such child shall be upon the parent requesting sole custody and the reason for such determination shall be documented in the court record.

Father claims this action is one of first impression regarding the application of public policy articulated in § 110.1 because there are no cases in Oklahoma which discuss the impact of that public policy on decree ordered visitation schedules. He urges the public policy set out in the statute is not limited to the temporary order proceeding. It is by its terms applicable both after the parties have separated and after their marriage has been dissolved.[1]

¶ 5 We disagree. The fundamental rule of statutory construction is to ascertain and give effect to legislative intent, and that intent is first sought in the language of the statute. *Fanning v. Brown*, 2004 OK 7, 85 P.3d 841. Courts will give the words of the statute their plain and ordinary meaning, unless a contrary intention plainly appears. When the words of a statute are plain and unambiguous, no occasion exists to employ the rules of construction. *City of Durant v. Cicio*, 2002 OK 52, 50 P.3d 218. The courts must give the statute its plain and definite

---

1. This Court notes Father does not argue the trial abused its discretion in its custody award, only that it abused its discretion in not awarding him visitation that amounted to "equal access" with Children.

meaning. *Sysco Food Serv. of Oklahoma LLC v. Cunningham*, 2007 OK CIV APP 52, 162 P.3d 973.

¶ 6 Although the plain language of § 110.1 provides it is the policy of the State of Oklahoma to assure minor children have frequent and continuing contact with parents who have shown the ability to act in the best interests of their children, the "substantially equal access" language unambiguously applies only to the temporary order hearing phase of a case. It is clear the Legislature intended to provide both parents "substantially equal access" during only the temporary order hearing, if requested by a party. Thus, the trial court was not constrained to award Father "equal access" to Children in its final custody-visitation award.

¶ 7 The trial court's final custody and visitation award is subject to the best interest of the child standard. After three days of trial wherein several witnesses testified regarding Father's abusive nature and Mother's depression, the trial court awarded Mother sole custody. In addition to standard visitation, the trial court found it was in the best interest of Children to award Father more than standard visitation by awarding him visitation with Children every Wednesday evening. Thus, the trial court effectuated the public policy of this State by allowing Father "frequent and continuing contact" with Children. *See* 43 O.S.2001 § 110.1 and § 112C(1)(a).[2] The trial court did not abuse its discretion in awarding Father standard visitation and visitation every Wednesday evening. *Wood v. Redwine, supra.*

¶ 8 Father also complains the trial court abused its discretion in finding his student loan debt was his separate debt. He argues that at trial he testified he and Mother entered into an agreement during the marriage that $92,000.00 from the marital Charles Schwab account was to be used for the sole purpose of paying off his separate

---

**2.** 43 O.S.2001 § 112C(1): When it is in the best interest of a minor unmarried child, the court shall:

(a) assure children of frequent and continuing contact with both parents after the parents have separated or dissolved their marriage; and

---

student loan debt acquired prior to marriage.[3] Mother denies there was any such agreement. Separate property is set aside to each spouse and does not become part of the marital estate. *Sien v. Sien*, 1994 OK CIV APP 159, 889 P.2d 1268. Pursuant to 43 O.S.2001 § 121, the trial court may divide only the marital property and confirm in each party the property owned by him prior to marriage. There is no dispute Father's student loan debt was acquired prior to marriage and no dispute the funds in the Schwab account were acquired during the marriage.

¶ 9 The trial court did not abuse its discretion in finding the student loan debt was Father's separate debt and awarding him that debt and did not abuse its discretion in finding there was insufficient evidence to demonstrate the parties had agreed Father's student loan was to be paid out of marital assets.

AFFIRMED.

MITCHELL, C.J., and JOPLIN, J., concur.

---

(b) encourage parents to share the rights and responsibilities of child rearing in order to effect this policy.

**3.** There was no evidence of a written agreement. Additionally, Father testified the oral agreement between him and Mother was mainly his idea, rather than a mutual agreement.